ROBERT J. REICHLER AND ERIC SCHOPLER v. ALBERT T. TILLMAN AND WIFE, ELIZABETH R. TILLMAN

No. 7415SC87

(Filed 6 March 1974)

1. Frauds, Statute of § 7; Vendor and Purchaser § 1— contract to convey entirety property — absence of wife's signature — agency of husband for wife

In an action seeking specific performance of a contract for sale of land owned by defendants as tenants by the entirety, the trial

Reichler v. Tillman

court erred in entering judgment on the pleadings in favor of the femme defendant where plaintiffs alleged they entered into a binding contract with both defendants, notwithstanding a written "memorandum of said contract" which was incorporated by reference into the complaint made no reference to the femme defendant and was not signed by her, since plaintiffs may offer evidence to show that the male defendant was authorized by the femme defendant to act as her agent to contract to sell lands belonging to both as tenants by the entirety. G.S. 22-2.

2. Malicious Prosecution § 1— nature of the claim

To recover for malicious prosecution the claimant must establish that the person against whom the claim is asserted (1) instituted or procured the institution of the proceeding against him, (2) without probable cause, (3) with malice, and that (4) the proceeding terminated in claimant's favor.

3. Malicious Prosecution § 6— counterclaim for malicious prosecution

Since a claim for malicious prosecution does not arise until the termination of the prosecution upon which it is based, a counterclaim cannot be maintained to recover damages for the malicious prosecution of the action in which the counterclaim is asserted, this rule not having been changed by G.S. 1A-1, Rule 18.

APPEAL by plaintiffs from *Hall, Judge,* 17 September 1973 Session of Superior Court held in ORANGE County.

Plaintiffs sued defendants, man and wife, seeking specific performance of a contract for the sale of land owned by defendants as tenants by the entirety or, in the alternative, damages for breach of the contract. Plaintiffs alleged that for valuable consideration they "entered into a binding contract with defendants" for the purchase of the land, and attached to their complaint a "memodandum of said contract," which they asked to be incorporated by reference as if fully set forth therein. This document refers to "property belonging to Ted Tillman," the male defendant, and refers to "the seller" in the singular. It was signed by plaintiffs and by the male defendant but was not signed by the feme defendant, and she is in no way referred to therein.

Defendants filed separate answers in which they denied material allegations in the complaint. In her answer the feme defendant also pled the statute of frauds as an affirmative defense and counterclaimed for actual and punitive damages on allegations that plaintiffs had brought this suit and had filed notice of lis pendens in connection therewith willfully and maliciously and knowing that the feme defendant was never a party to any transaction with either of the plaintiffs and knowing that

the purported contract, incorporated by reference as a part of their complaint, makes no reference to the feme defendant or to any property owned as an estate by the entirety.

The feme defendant filed motion for summary judgment dismissing plaintiffs' action as to her and dismissing the lis pendens, stating as grounds for her motion that "the purported contract upon which the plaintiffs rely is not executed nor does it purport to be executed by the movant," and "no evidence exist (sic) or has been brought forward showing agency or ratification."

Plaintiffs filed a reply to the feme defendant's counter-claim and also filed a motion for summary judgment in their favor on the counterclaim.

The two motions for summary judgment were heard at the same time. The feme defendant's motion was allowed and plaintiffs' motion was denied, and plaintiffs appealed.

*Winston, Coleman & Bernholz by Steven A. Bernholz for plaintiff appellants.*

*James A. Farlow for defendant appellees.*

PARKER, Judge.

Both motions were purportedly made under Rule 56 relating to summary judgments. The record on appeal, however, contains no affidavits, answers to interrogatories, or anything else other than the pleadings upon which to base decision. Therefore, the motions will be considered as though made under Rule 12 (c) for judgment on the pleadings.

[1] We first consider the trial court's ruling allowing the motion of the feme defendant. We find this ruling in error. Plaintiffs alleged that they "entered into a binding contract with defendants" for the purchase of the land. Both defendants denied this allegation, thereby raising the basic issue for decision in this case. It is true that the written "memorandum of said contract" which was incorporated by reference into the complaint made no reference to the feme defendant and was not signed by her. This, however, would not preclude plaintiffs from attempting to prove that the feme defendant was in fact a party to the contract. Our Statute of Frauds, G.S. 22-2, expressly provides that the writing may be signed either "by the party

to be charged therewith, or by some other person by him thereto lawfully authorized." Dealing with this statute, Denny, J. (later C. J.), speaking for our Supreme Court in *Lewis v. Allred,* 249 N.C. 486, 489, 106 S.E. 2d 689, 692, said:

> "The owner of real estate may sell such property through an agent, and when so acting the owner is not required to sign the agreement or to communicate with the purchaser. Moreover, the authority of a duly authorized agent to contract to convey lands need not be in writing under the statute of frauds. *Wellman v. Horn,* 157 N.C. 170, 72 S.E. 1010; 8 Am. Jur., Brokers, section 62, page 1019. The agent may sign the contract to sell and convey in his own name or in the name of his principal or principals. *Hargrove v. Adcock,* 111 N.C. 166, 16 S.E. 16; *Neaves v. Mining Co.,* 90 N.C. 412, 47 Am. Rep. 529; *Washburn v. Washburn,* 39 N.C. 306; *Oliver v. Dix,* 21 N.C. 158. Furthermore, the authority of an agent to sell the lands of another may be shown *aliunde* or by parol. *Hargrove v. Adcock, supra.*"

Thus, under the pleadings in this case, in which plaintiffs alleged and defendants denied that plaintiffs entered into a binding contract with both defendants, plaintiffs are free to offer such evidence as they may have to show that the husband-defendant was authorized by his wife to act as her agent to contract to sell the lands belonging to both as tenants by the entirety. There was no necessity that plaintiffs allege that the contract was executed by the feme defendant through an agent. 3 Am. Jur. 2d, Agency, § 343, p. 699; Annotation, 89 A.L.R. 895.

[2, 3]  We next consider the trial court's ruling denying plaintiffs' motion for judgment in their favor on the feme defendant's counterclaim. This ruling we also find to be error. To recover for malicious prosecution the claimant must establish that the person against whom the claim is asserted (1) instituted or procured the institution of the proceeding against him, (2) without probable cause, (3) with malice, and that (4) the proceeding terminated in claimant's favor. *Mooney v. Mull,* 216 N.C. 410, 5 S.E. 2d 122; Byrd, *Malicious Prosecution in North Carolina,* 47 N.C. L. Rev. 285. Since the claim does not arise until the termination of the prosecution upon which it is based, a counterclaim cannot be maintained to recover damages for the malicious prosecution of the action in which the counterclaim is asserted. *Finance Corp. v. Lane,* 221 N.C. 189, 19 S.E.

2d 849. In our opinion no change in this regard has been effected by Rule 18 of the Rules of Civil Procedure, which is cited and relied on by appellees. That Rule applies to joinder of claims and remedies and not to counterclaims, which are controlled by Rule 13. The holding of *Finance Corp. v. Lane, supra,* seems still sound not merely on technical grounds but as a means of keeping lawsuits within manageable proportions.

The order appealed from is reversed and this cause is remanded to the Superior Court in Orange County for further proceedings not inconsistent herewith.

Reversed and remanded.

Judges BRITT and VAUGHN concur.