OTTWAY BURTON v. DAVID PAUL KENYON AND CHARLES "RED" DELK

No. 7919DC846

(Filed 15 April 1980)

**Contracts § 4.1— employee's debt to third person—employer's agreement to deduct from paycheck—sufficiency of consideration**

> An agreement entered into by an employer to deduct from an employee's pay and forward a sum of money to a creditor to induce performance of an obligation owed by the creditor to the employee, who is in default of his obligation to pay the creditor, is not void because of lack of consideration; therefore, the trial court erred in entering summary judgment for defendant employer where plaintiff attorney had been hired to defend defendant employee pursuant to two fee agreements; the employee had defaulted in payment but had induced his employer to agree to deduct and forward weekly payments so that plaintiff would continue to defend him; the employer would continue to receive defendant's service as an employee; and the employer failed to deduct and forward payments as agreed.

APPEAL by plaintiff from *Hammond, Judge.* Judgment entered 24 May 1979 in District Court, RANDOLPH County. Heard in the Court of Appeals 19 March 1980.

Plaintiff filed this action alleging the following.

On 14 November 1975, defendant David Paul Kenyon was charged with operating a motor vehicle while under the influence of intoxicating liquor. Defendant hired plaintiff, an attorney, to represent him and agreed to pay plaintiff $500. To secure this obligation, defendant signed a promissory note under which payment was due 28 January 1976.

On 18 July 1976, defendant Kenyon was charged with exceeding a safe speed, refusing upon demand to produce his operator's license and exhibit it to an officer, and delaying an arrest. Defendant retained plaintiff to represent him and delivered to plaintiff another promissory note. Payment on this note was due 24 March 1977. Plaintiff began defending Kenyon in all four cases.

On 16 November 1976, defendant Kenyon authorized his employer, defendant Charles Delk, to deduct from his pay $50 per week and forward this sum to plaintiff until full legal fees owed plaintiff were paid, and Delk agreed to do so. Two days later, plaintiff completed his legal employment. Defendant Kenyon was

found not guilty of the charge of driving under the influence, but was found guilty in the other three cases.

Plaintiff filed suit to recover an indebtedness of $719.17. Defendant Delk was made a party, because he failed to deduct and forward payments as agreed.

Defendant Delk filed answer, wherein he admitted the agreement to deduct, but alleged a lack of consideration.

From summary judgment entered in favor of defendant Delk, plaintiff appeals.

*Ottway Burton, pro se.*

*T. Worth Coltrane, for defendant appellee, Charles Delk.*

ERWIN, Judge.

Where the record on appeal contains no affidavits, answers to interrogatories, or anything else other than the pleadings upon which to base decision, the motion for summary judgment will be considered as though made under G.S. 1A-1, Rule 12(c), of the Rules of Civil Procedure for judgment on the pleadings. *Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E. 2d 68 (1974).

When a motion for judgment on the pleadings is made, the trial court is required to view the facts and permissible inferences in the light most favorable to the non-moving party, and all well pleaded factual allegations in the non-moving party's pleadings must be taken as true. *Ragsdale v. Kennedy,* 286 N.C. 130, 209 S.E. 2d 494 (1974).

When plaintiff's allegations are viewed in that light, taking into consideration all permissible inferences, they tend to show that prior to 16 November 1976, he had agreed to represent defendant Kenyon in four criminal cases; that one of the two promissory notes executed for security of payment by Kenyon was due and unpaid; that some professional services had been rendered to that point; and that two days prior to completion of his services, he, defendant Delk, and defendant Kenyon agreed to a plan where Delk would deduct and forward plaintiff $50 weekly from Kenyon's pay until the debt was paid.

The sole question arising from these facts is whether an agreement entered into by a third person to deduct and forward a sum of money to plaintiff in order to induce performance of an obligation owed by plaintiff to another person, who is an employee of the third person making the promise, but who is in default of his obligation to pay, is void because of lack of consideration. We answered, "No."

It is generally established that a promise to perform an act which the promisor is already bound to perform is insufficient consideration for a promise by the adverse party, *Sinclair v. Travis*, 231 N.C. 345, 57 S.E. 2d 394 (1950); *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972), and undoubtedly, this is sound policy. But the same factors do not come into play where a third person is involved.

Restatement of Contracts § 84 (1932) provides in pertinent part:

> "Consideration is not insufficient because of the fact
>
> *    *    *
>
> (d) that the party giving the consideration is then bound by a contractual or quasi-contractual duty to a third person to perform the act or forbearance given or promised as consideration . . ."

The rationale of the Restatement rule is best set forth in 1A. Corbin on Contracts § 176 (1950) wherein it is stated:

> "But suppose that the pre-existing duty is owed to a third person and not to the promisor. Is the performance of this kind of duty a sufficient consideration for a promise? The American Law Institute has stated that it is sufficient. This should be supported for two reasons: (1) the promisor gets the exact consideration for which he bargains, one to which he previously had no right and one that he might never have received; (2) there are no sound reasons of social policy for not applying in this case the ordinary rules as to sufficiency of consideration. The performance is bargained for, it is beneficial to the promisor, the promisee has forborne to seek a rescission or discharge from the third person to whom the duty was owed, and there is almost never any probability

that the promisee has been in position to use or has in fact used any economic coercion to induce the making of the promise. There is now a strong tendency for the courts to support these statements and to enforce the promise. The reasons that may be advanced to support the rule that is applied in the two-party cases, weak enough as they often are in those cases, are scarcely applicable at all in three-party cases." (Footnote omitted.)

Nowhere is the reason for such a rule exemplified as here.

Taking plaintiff's allegations and inferences arising therefrom as true, plaintiff, an attorney, had been hired to defend defendant Kenyon pursuant to two fee agreements. Defendant had defaulted in payment, but had induced his employer to agree to deduct and forward weekly payments so that plaintiff would continue to defend him. Defendant would receive legal services, plaintiff would continue to defend, and the employer would continue to receive Kenyon's services as an employee. This is not a situation where the employer agreed gratuitously to perform a service. If plaintiff's allegations and inferences arising therefrom are taken as true, plaintiff and defendants assiduously bargained for this exchange. In 17 C.J.S., Contracts, § 113, p. 835, it is stated: "Where one party to a contract has the right to terminate it because of the default of the other, his completion of the contract is a sufficient consideration for the promise of a third person." (Footnote omitted.)

Here, if plaintiff's allegations are believed, a bargained for exchange has taken place, *i.e.*, plaintiff would complete his services, and Delk would insure weekly liquidation of debt as long as Kenyon was entitled to pay. Such allegations render judgment on the pleadings inappropriate.

The judgment entered below is

Reversed.

Judges MARTIN (Robert M.) and CLARK concur.