## Richmond

MICHAL WISNIEWSKI, ET AL.

V.

THOMAS W. JOHNSON, ET AL.

January 22, 1982.

Record No. 790745.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and Harrison, Retired Justice.

*John R. Stevens (Moncure & Goggin,* on briefs), for appellants.
*James W. Haley, Jr. (Ackerman, Haley & Foster,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The dispositive question in this appeal is whether a certificate of limited partnership satisfies the requirements of former Code § 50-45* when the partners have their signatures acknowledged by a notary but do not swear to the truth of the document.

Michal Wisniewski, Walter M. Luchaka, and Olga G. Luchaka (the appellants) and Harold R. Gearhart executed and recorded a

---

\* **§ 50-45. Formation; contents and filing of certificate.** — (1) Two or more persons desiring to form a limited partnership shall

(a) Sign and swear to a certificate, which shall state:

I. The name of the partnership;

II. The character of the business;

III. The location of the principal place of business;

IV. The name and place of residence of each member, general and limited partners being respectively designated;

V. The term for which the partnership is to exist;

VI. The amount of cash and a description of and the agreed value of the other property contributed by each limited partner;

VII. The additional contributions, if any, agreed to be made by each limited partner and the times at which or events on the happening of which they shall be made;

VIII. The time, if agreed upon, when the contribution of each limited partner is to be returned;

IX. The share of the profits or the other compensation by way of income which each limited partner shall receive by reason of his contribution;

X. The right, if given, of a limited partner to substitute an assignee as contributor in his place, and the terms and conditions of the substitution;

XI. The right, if given, of the partners to admit additional limited partners;

certificate in an effort to establish the River Bend Limited Partnership. Gearhart was listed as general partner and the appellants as limited partners. This certificate was signed and acknowledged by all the partners before a notary.

Thomas and Suzanne Johnson purchased a house from the partnership in 1975. Subsequently, they brought suit against the partners, alleging breach of warranty in the construction of the dwelling. The trial court found for the Johnsons and held the appellants liable as general partners, ruling that since they had not sworn to the statements in the certificate, a limited partnership had not been formed.

■ The appellants argue that an acknowledgment is constructively the same as swearing to a document and in any case meets the "substantial compliance" test of § 50-45(2). We cannot agree.

There is a marked difference between acknowledging a signature and signing a document under oath. An acknowledgment merely verifies that the person named executed the document in question. Code § 55-118.3. By swearing to a document, on the other hand, one vouches that the contents of the writing are true. A person who swears falsely may be guilty of a felony. Code § 18.2-434.

Support for our position is found in *Bergeson* v. *Life Insurance Corp. of America,* 170 F. Supp. 150 (D. Utah 1958), *rev'd. on other grounds,* 265 F.2d 227 (10th Cir.), *cert. denied,* 360 U.S. 932 (1959). Dealing with the issue before us, the court said:

> In order for the liability of partners to be limited there must be substantial compliance with the statute providing for limited partnerships . . . . [The statute] requires that the certificate of partnership be signed and sworn to. This is not a mere formal requirement. There are good reasons why this

XII. The right, if given, of one or more of the limited partners to priority over other limited partners, as to contributions or as to compensation by the way of income, and the nature of such priority;

XIII. The right, if given, of the remaining general partner or partners to continue the business on the death, retirement or insanity of a general partner; and

XIV. The right, if given, of a limited partner to demand and receive property other than cash in return for his contribution.

(b) File for record the certificate in the clerk's office of the county or city in which a charter for the conduct of such business would be required to be recorded.

(2) A limited partnership is formed if there has been substantial compliance in good faith with the requirements of paragraph (1) of this section.

statement should be sworn to, not least of which is to bring home to the signers the necessity of the certificate's being true and correct.

*Id.* at 158.

In 1981, the General Assembly amended Code § 50-45 to provide that the signers of the certificate should "acknowledge" rather than "swear to" it. Acts, 1981, ch. 277. In *Boyd v. Commonwealth,* 216 Va. 16, 20, 215 S.E.2d 915, 918 (1975), we said: "[I]n the field of statutory construction, a presumption normally arises that a change in law was intended when new provisions are added to prior legislation by an amendatory act." The 1981 amendment strengthens our view that the oath requirement of § 50-45 was not equivalent to an acknowledgment. We hold, therefore, that the appellants' failure to "swear to" the certificate was such a noncompliance with the requirements of Code § 50-45 as to render the certificate ineffective for the creation of a limited partnership.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*