A. J. ROSE AND WIFE, DORA W. ROSE v. GUILFORD COUNTY, BY AND THROUGH THE GUILFORD COUNTY COMMISSIONERS

No. 8218SC116

(Filed 21 December 1982)

1. **Rules of Civil Procedure § 56.3 — affidavits filed on day of summary judgment hearing — inadmissible**

Pursuant to G.S. 1A-1, Rule 56(c) the trial court properly ruled that plaintiffs' affidavits, which were filed on the day of the summary judgment hearing, were inadmissible.

2. **Municipal Corporations § 30.3 — zoning change — summary judgment for defendants improper**

The trial court erred in entering summary judgment for defendant county concerning a zoning change involving plaintiffs' property where the allegations in plaintiffs' complaint tended to show that there was no substantial change in the rezoned property, and that defendant acted in an unreasonable, discriminatory, illegal, arbitrary, and capricious manner by preventing them from having mobile homes on their property.

APPEAL by plaintiffs from *Wood, Judge.* Judgment entered 1 December 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 November 1982.

In November 1979, the Guilford County Commissioners rezoned plaintiffs' property from A-1 to R-20S. Plaintiffs brought this action to have the rezoning set aside. Plaintiffs' verified com-

plaint alleged they owned their tract of land, consisting of thirty-seven acres, for nineteen years. Prior to 1979, their land was zoned A-1 which permitted mobile homes. Plaintiffs already had two mobile homes on their property, and they wanted to install two more. Their complaint also alleged:

V. That some of the adjoining property owners became dissatisfied when they received the information that some additional mobile homes would be located on the Plaintiffs' land and that as a result thereof, some of the adjoining property owners filed a petition with Guilford County requesting that approximately 100 acres of land, which included the Plaintiffs' land, be rezoned from A-1 Agriculture to R-20S and that the sole motive of the adjoining property owners was not to rezone their land for the purpose of building houses, but solely to rezone the property for the purpose of changing zoning from A-1 Agriculture to R-20S, so as to prevent the plaintiffs from erecting additional mobile homes on their property as they proposed to do so.

VI. That the Guilford County Commissioners on November 19, 1979, did change the zoning of the Plaintiffs' property, together with others consisting of approximately 100 acres, more or less, from A-1 Agriculture to R-20S, and as a result of said rezoning, the plaintiffs have been greatly damaged and that they are no longer able to use their land as they contemplated and that the said rezoning was done solely for the purpose of defeating the Plaintiffs' right to install mobile homes on their property as they were allowed to do under the A-1 Agriculture zoning as it previously existed.

. . .

VIII. That the actions of the Guilford County Commissioners in rezoning the Plaintiffs' property from A-1 Agriculture to R-20S is unreasonable, discriminatory, illegal, arbitrary, capricious, and constitutes a taking of plaintiffs' property without due process of law.

IX. That no evidence whatsoever was presented at the meeting of the County Commissioners at the time the rezoning was passed, to the effect that there had been any substantial change in the condition of the character and nature of said lands. . . .

Defendants filed an answer which admitted it changed the zoning of plaintiffs' property, and denied the other material allegations in the complaint.

Defendants' motion for summary judgment was granted based solely on the pleadings.

*R. Horace Swiggett, Jr., and Herman Winfree, for plaintiff appellants.*

*Deputy County Attorney Margaret A. Dudley, for defendant appellees.*

VAUGHN, Judge.

[1] Plaintiffs' first argument is that the trial court erred in ruling that plaintiffs' affidavits, which were filed on the day of the summary judgment hearing, were inadmissible. We do not agree. G.S. 1A-1, Rule 56(c) provides, in part: "The adverse party prior to the day of hearing may serve opposing affidavits." This rule was explained in *Nationwide Mutual Insurance Company v. Chantos,* 21 N.C. App. 129, 203 S.E. 2d 421 (1974):

> It is clear that opposing affidavits are to be served prior to the day of the hearing. It follows that the clear intent of the legislature is that supporting affidavits should be filed and served sufficiently in advance of the hearing to permit opposing affidavits to be filed prior to the day of the hearing.

*Nationwide Insurance Company v. Chantos,* 21 N.C. App. at 130, 203 S.E. 2d at 423. *Accord, Rockingham Square Shopping Center, Inc. v. Integon Life Insurance Corp.,* 52 N.C. App. 633, 279 S.E. 2d 918, *review denied,* 304 N.C. 196, 285 S.E. 2d 101 (1981).

[2] Plaintiffs' second argument is that the trial court erred in granting summary judgment for defendant because there is a genuine issue of fact. We agree.

Summary judgment should be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Since the trial judge only considered the pleadings in making his determination,

the motion for summary judgment was, in effect, a motion for judgment on the pleadings under G.S. 1A-1, Rule 12(c). *Burton v. Kenyon*, 46 N.C. App. 309, 264 S.E. 2d 808 (1980). When a motion for judgment on the pleadings is made, "[t]he trial court is required to view the facts and permissible inferences in the light most favorable to the nonmoving party. All well pleaded factual allegations in the nonmoving party's pleadings are taken as true. . . ." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E. 2d 494, 499 (1974). *See also Town of Bladenboro v. McKeithan*, 44 N.C. App. 459, 261 S.E. 2d 260, *appeal dismissed*, 300 N.C. 202, 282 S.E. 2d 228 (1980). Pleadings comply with our present concept of notice pleading if the allegations in the complaint give defendant sufficient notice of the nature and basis of plaintiffs' claim to file an answer, and the face of the complaint shows no insurmountable bar to recovery. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). The allegations in plaintiffs' complaint, taken as true, tend to show that there was no substantial change in the rezoned property, and defendants acted in an unreasonable, discriminatory, illegal, arbitrary, and capricious manner. This clearly gave defendants sufficient notice of the nature and basis of plaintiffs' claim. Although the county commissioners have the power to rezone property when reasonably necessary for public health, safety, morals or welfare, this authority is limited in that it may not be exercised arbitrarily or capriciously. This concept was explained in *Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971). In *Allred*, the corporate defendant bought a 9.26 acre tract, which was zoned R-4. The corporate defendant's request that the property be rezoned from R-4 to Shopping Center was denied. Several years later the corporate defendant twice filed applications requesting the property be rezoned to R-10, and submitted plans for high rise luxury apartments. Eventually, the city council adopted the rezoning ordinance. Plaintiffs attacked the ordinance on the ground that it exceeded and conflicted with the authority conferred by the enabling legislation. The Court discussed the relevant zoning statutes, now in G.S. 160A-381 through G.S. 160A-392, and determined that one of the fundamental concepts of zoning is that "[s]uch regulations shall be made in accordance with a comprehensive plan. . . ." G.S. 160-174 [repealed by session laws 1971, c. 698, s. 2, effective 1 January 1972, current statute is G.S. 160A-383]. The Court held the ordinance invalid and unenforceable because they found that the city council

did not determine that the 9.26 acre tract and the surrounding circumstances justified rezoning the tract to R-10. Instead, the city council based its actions on its approval of the applicant's plans to build high rise luxury apartments. The Court held that disregarding the fundamental concepts of zoning may be arbitrary and capricious. "Rezoning must be effected by the exercise of legislative power rather than by special arrangements with the owner of a particular tract or parcel of land." *Allred v. City of Raleigh*, 277 N.C. at 545, 178 S.E. 2d at 441. *See also Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972).

In this case, plaintiffs' allegations indicate that the surrounding circumstances and location of the property has not changed, and the rezoning was arbitrary and capricious. Since the pleadings give defendants sufficient notice of the nature and basis of plaintiffs' claim to enable them to answer, and there is no insurmountable bar to recovery on the face of the complaint, the judgment on the pleadings should be reversed.

Reversed.

Judges WELLS and WHICHARD concur.