HERBERT JOHNSON v. RICHARD MANNING AND SAMUEL APPLEBAUM, INDIVIDUALLY AND AS PARTNERS D/B/A THE HIKING POST

No. 8230DC791

(Filed 6 September 1983)

**Partnership § 1.2— formation of limited partnership—genuine issue of material fact**

A genuine issue of material fact was presented as to whether an "Agreement and Note" executed by the parties substantially complied with the limited partnership requirements of G.S. 59-2(a) so that plaintiff was not a creditor of defendants' business but was a limited partner who could not receive any part of his contribution to the business until all liabilities of the partnership had been paid or sufficient property of the partnership remained to pay all liabilities. G.S. 59-16(a)(1).

Judge WHICHARD dissenting.

APPEAL by defendants from *Snow, Judge.* Judgment entered 25 May 1982 in District Court, JACKSON County. Heard in the Court of Appeals 18 May 1983.

This is a civil action to collect money allegedly due on a note executed by the parties. In March 1979, the parties signed a document titled "AGREEMENT AND NOTE" (hereinafter the "Note") which states as follows, in pertinent part:

This Agreement and Note made and entered into this 7 day of March, 1979, by and between RICHARD MANNING and SAMUEL APPLEBAUM, subsequently referred to as "Partners" and Herbert Johnson, subsequently referred to as "Investor;"

WITNESSETH:

1. That the above Partners for the purpose of establishing a retail/rental hiking and Backpacking store adjacent to the Great Smokey Mountain National Park in Cherokee, North Carolina have agreed between themselves to act as partners in such a business.

2. That this Agreement and Note is executed by the Partners and the Investor for the purpose of inducing the Investor to contribute working capital for the start-up of the partnership business.

3. That proceeds from the Note and Agreement will be used in the purchase of inventory, equipment and leaseholder

improvements for the Partners' business prior to March of 1979.

4. The Investor has by virtue of his/her contribution of working capital to the Partners no security interest in either inventory or business equipment of the business.

5. That the Partners will execute with other investors Agreements and Notes for amounts of $2,000.00 to generate working capital for the business but no more than $30,000.00 will be raised as investment capital, in this manner. The Partners pledge that they will devote themselves full time to the establishment and operation of this business from and after the 15th day of January, 1979.

6. That repayment of the amounts contributed by the Investor as evidenced by the Note below will be as follows:

   (a) An annual percentage rate of 10% of the amount invested shall be paid quarterly to the Investor.

   (b) That the Note terms shall be for a maximum of three (3) years with no pre-payment penalty in whole or in part for the partners at any time after the first year.

   (c) That the Investor shall have no voting rights in the enterprise nor any equivalent function as shareholders and that this Note and Agreement are in no sense understood by the parties to represent a shareholder or security interest in the business of the Partners.

   (d) That as additional rate of potential interest on the investment, for every $2,000.00 invested during the life of the promissory note from the Partners to the Investor of the Investor shall receive (.15)% of the Gross Sales.

It is understood by Partners and the Investor that each Partner shall be liable for ½ of the Note amount. An addendum was attached to the Note in which repayment of plaintiff's investment was discussed in further detail.

In August 1981, plaintiff initiated this action seeking to recover his investment and the accrued interest under the Note.

In their answer, defendants denied liability on the grounds that plaintiff was a limited partner in the business, and as such, had no claim for return of his investment given that the business had lost money and used up all its assets to pay its liabilities. Plaintiff filed a motion for summary judgment which the court granted based on the pleadings. Defendants appealed.

*Robert G. Cowen, for defendant appellants.*

*No brief filed for plaintiff appellee.*

JOHNSON, Judge.

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). When a motion for summary judgment is made, the court must look at the record in the light most favorable to the party opposing the motion. *Patterson v. Reid*, 10 N.C. App. 22, 178 S.E. 2d 1 (1970). The question presented by this appeal is whether there is a genuine issue of material fact as to whether the parties formed a limited partnership by the execution of the Agreement and Note. By alleging that plaintiff was a limited partner, defendants have raised the issue of whether there was a limited partnership agreement between the parties. Since the only document produced by the parties which evidences an agreement between them is the Note, we assume defendants mean to offer the Note itself as a limited partnership agreement.

The requirements for forming a limited partnership are set out in G.S. 59-2(a), which states that two or more persons may form a limited partnership by executing a certificate stating the name of the partnership, the character of the business, its principal location, and the name and residence of each partner, with each partner being designated as a general or limited partner. The certificate must also state the term for which the partnership is to exist, the amount of cash or other property, and its agreed value, contributed by each limited partner, the circumstances under which additinal contributions are to be made, the time, if

agreed upon, when the contribution of each limited partner is to be returned, the share of the profits or other compensation to which each limited partner shall be entitled, and certain other designated rights, if given. Secondly, the certificate must be filed in the office of the register of deeds in the county where the principal place of business is located. A limited partnership is formed if there has been substantial compliance in good faith with these requirements. G.S. 59-2(b).

The Note executed by the parties does not on its face appear to be a limited partnership agreement because it is not so titled and the parties are not designated as being either general or limited partners. But it does contain many of the characteristics of a limited partnership agreement and much of the information required by G.S. 59-2(a). For example, in the Note, plaintiff agreed to invest a stated amount of money in the business, which was to be established and operated by defendants, in return for a share of the profits, which is characteristic of limited partnership agreements. Further, plaintiff is not to perform any services in the business; his contribution is repeatedly limited to, and characterized as an investment. While the Note does not contain all the information required by statute, it arguably does contain sufficient information for it to be considered in substantial compliance with the statute. While it does not appear from the record that the Note was ever filed in the office of the register of deeds, this is not fatal as the failure to record a certificate does not affect the existence of a limited partnership insofar as the parties *inter se* are concerned. 60 Am. Jur. 2d, Partnership, § 376, p. 259 (1972).

If plaintiff was a limited partner in the business, then his right to recover his investment would be governed by G.S. 59-16(a)(1) which provides that a limited partner shall not receive any part of his contribution until all liabilities of the partnership have been paid or there remains sufficient property of the partnership to pay such liabilities. Defendants alleged that their business failed and that there were no assets left to pay off the limited partner. If defendants' allegations are taken as true, as they must be at this point, then plaintiff is not entitled to relief.

In our opinion, when the evidence is considered in the light most favorable to the defendants, there appears to be a material

issue of fact as to whether the parties formed a limited partnership by the execution of the Note. Therefore, summary judgment for plaintiff was improper, and the judgment of the court must be

Reversed.

Judge EAGLES concurs.

Judge WHICHARD dissents.

Judge WHICHARD dissenting.

"Limited partnerships were unknown at common law and are purely creatures of statute. Parties seeking the protection of limited liability within the context of a partnership must follow the statutory requirements." *Dwinell's Central Neon v. Cosmopolitan Chinook Hotel,* 21 Wash. App. 929, 934, 587 P. 2d 191, 194 (1978); *see also Klein v. Weiss,* 284 Md. 36, 50, 395 A. 2d 126, 135 (1978). Absent substantial compliance with the governing statute, an "understanding and intent" that a limited partnership is to be created does not suffice to raise a genuine issue of fact. *See Dominion Nat'l Bank v. Sundowner Joint Venture,* 50 Md. App. 145, 157, 436 A. 2d 501, 508 (1981).

G.S. 59-2(b) requires, for the formation of a limited partnership, "substantial compliance in good faith with the requirements of [G.S. 59-2](a)." G.S. 59-2(a) requires that persons desiring to form a limited partnership "[s]ign and swear to a certificate . . . ." The record here contains no signed and sworn certificate of limited partnership.

Assuming, *arguendo,* that the document captioned "Agreement and Note" can be considered a certificate of limited partnership for the purpose of passing on plaintiff's motion, it fails to meet the requirements of the governing statute in the following respects:

(1) It is not sworn to, as required by G.S. 59-2(a)(1) (*see Wisniewski v. Johnson,* 223 Va. 141, 286 S.E. 2d 223 (1982), which held this defect alone fatal to the asserted creation of a limited partnership).

(2) It does not contain the name of the partnership, as required by G.S. 59-2(a)(1)(a).

(3) It does not state the residence of each member, as required by G.S. 59-2(a)(1)(d).

(4) Unless the term "investor" is construed to mean "limited partner," it does not designate the general and limited partners, as required by G.S. 59-2(a)(1)(d).

(5) It does not contain the term for which the partnership is to exist, as required by G.S. 59-2(a)(1)(e).

(6) While not fatal, standing alone, insofar as the parties *inter se* are concerned, 60 Am. Jur. 2d, Partnership, § 376, at 259 (1972) (cited in the majority opinion), it was not recorded as required by G.S. 59-2(a)(2).

Where, as here, the record contains no evidence, and the decision must be derived solely from the pleadings, a motion for summary judgment will be considered as though made under G.S. 1A-1, Rule 12(c), for judgment on the pleadings. *Burton v. Kenyon,* 46 N.C. App. 309, 310, 264 S.E. 2d 808, 809 (1980); *Reichler v. Tillman,* 21 N.C. App. 38, 40, 203 S.E. 2d 68, 70 (1974). So treating plaintiff's motion, and in light of the foregoing, I would hold as a matter of law that the parties have neither attempted to comply nor substantially complied in good faith with the statutory requirements for formation of a limited partnership. Defendants' answer raises no other defense to plaintiff's claim. I therefore vote to affirm the judgment for plaintiff.