PERRY M. ALEXANDER CONSTRUCTION COMPANY v. WILLIAM F. BUR-
BANK

No. 8628SC830

(Filed 16 December 1986)

1. Contracts § 27.1— liability under contract—issue of material fact

A genuine issue of material fact was presented as to whether the individ-
ual defendant was liable under an oral agreement to pay for demolition work
on a burned building owned by defendant after a written contract for the work
had been entered between plaintiff and the corporate lessee of the building.

2. Contracts § 4.1— same consideration in contract with third party

Plaintiff's promise to perform demolition work on a burned building con-
stituted sufficient consideration for an oral agreement by the individual de-
fendant who owned the building to pay for the work even though the promise
to perform the demolition work was also the consideration in a prior written
agreement between plaintiff and the corporate lessee of the building.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered
3 March 1986 in Superior Court, BUNCOMBE County. Heard in the
Court of Appeals 30 October 1986.

On 26 December 1984, fire destroyed a warehouse in Ashe-
ville which was owned by defendant and leased to Sure-Fire Dis-
tributing Company. Defendant is the president and majority
shareholder of Sure-Fire.

After the fire, the building was condemned and defendant
was ordered to have the building demolished. Charles Smith, vice
president of plaintiff Perry M. Alexander Construction Company,
met with defendant at the site and agreed to perform the demoli-
tion. In his capacity as president of Sure-Fire, defendant signed a
brief written agreement on 28 December 1984 evidencing the pre-
vious oral agreement.

On 31 December 1984, the president of plaintiff construction
company, Tom Alexander, returned from out of town and learned
that defendant, in his individual capacity, owned the property

where the work was to be done. Alexander drew up another agreement to be signed by defendant individually and on behalf of Sure-Fire. On 4 January 1985, defendant signed the agreement only in his capacity as president of Sure-Fire. He did not sign it individually.

Plaintiff completed the demolition and was not paid for the work. Plaintiff filed a claim of lien against the property and instituted this action. Before trial, defendant unsuccessfully moved for summary judgment.

At the trial, there was evidence that Sure-Fire is insolvent and that it is presently involved in a lawsuit with its insurer regarding coverage for the fire loss.

Plaintiff presented evidence that after signing the second written agreement in his corporate capacity, defendant refused to sign the agreement in his individual capacity because he believed that it could interfere with the insurance settlement. However, plaintiff presented testimony that defendant orally agreed to be personally bound for the cost of the demolition. Plaintiff also presented evidence that Sure-Fire's payment period was orally extended from 45 days to 60 days at that time.

Defendant testified that he never agreed to be personally liable for the demolition.

The trial judge, in his written findings of fact, found as follows:

> 4. On the 4th day of January, 1985, Plaintiff and Defendant Sure-Fire Distributing, Inc. entered into a written contract whereby Plaintiff agreed to knock down the remaining walls of the building situated on Defendant's Burbank's property and further agreed to haul away the debris from the building destroyed in the fire.
>
> 5. On the 4th day of January, 1985, and subsequent to the written contract referred to in paragraph 4 just next above, the Plaintiff and the Defendant Burbank entered into an oral contract for the same tearing down of the building and hauling away of the debris from the building referred to in paragraph 4 just next above, this oral contract being entered into between Defendant Burbank as owner of the

real property and Plaintiff, Plaintiff insisting that Defendant Burbank as owner also agree and become obligated to pay Plaintiff for its services to be rendered in tearing down the building and hauling away the debris from the building.

The trial judge concluded as a matter of law that both Sure-Fire and defendant breached their contract and are each indebted to plaintiff in the sum of $30,346.50 (the cost of the demolition) together with interest thereon. The trial judge also concluded that plaintiff is entitled to enforce its lien rights, and he ordered that the property be sold in order to satisfy plaintiff's lien against the property.

From the judgment for plaintiff, defendant appeals.

*Tharrington, Smith & Hargrove, by J. David Farren and Elizabeth Kuniholm, for defendant appellant.*

*Riddle, Kelly and Cagle, by E. Glenn Kelly, for plaintiff appellee.*

ARNOLD, Judge.

[1]   The test on a motion for summary judgment is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Barbour v. Little,* 37 N.C. App. 686, 247 S.E. 2d 252, *disc. rev. denied,* 295 N.C. 733, 248 S.E. 2d 862 (1978).

We find that the trial court properly denied defendant's motion for summary judgment because an issue of material fact existed with respect to defendant's contractual liability.

Defendant contends that there is insufficient evidence to support the court's finding that a subsequent agreement was entered into between plaintiff and defendant.

The trial court determined that plaintiff and defendant Burbank entered into an oral contract under which Burbank became obligated to pay plaintiff for the demolition. The well-established rule is that findings of fact made by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them. *Henderson County v. Osteen,* 297 N.C. 113, 254 S.E. 2d 160 (1979). A careful review of

the record reveals that there is competent evidence to support the trial court's findings of fact.

[2]   Defendant also contends that the oral contract is not supported by consideration. We disagree.

The trial court found that plaintiff and Sure-Fire entered into a written contract under which plaintiff agreed to perform the demolition. The trial court further found that plaintiff and defendant Burbank entered into an oral contract under which plaintiff agreed to perform the same demolition. Defendant argues that because plaintiff was already obligated to perform the demolition under its contract with Sure-Fire, its promise to perform the same demolition in the contract with defendant Burbank is not consideration for Burbank's promise to pay. In other words, the question is whether plaintiff's promise to perform the demolition can suffice as consideration for both Sure-Fire's promise to pay and Burbank's promise to pay in the two separate contracts.

> It is generally established that a promise to perform an act which the promisor is already bound to perform is insufficient consideration for a promise by the adverse party, *Sinclair v. Travis*, 231 N.C. 345, 57 S.E. 2d 394 (1950); *Tile and Marble Co. v. Construction Co.*, 16 N.C. App. 740, 193 S.E. 2d 338 (1972), and undoubtedly this is sound policy. But the same factors do not come into play where a third person is involved.

*Burton v. Kenyon*, 46 N.C. App. 309, 311, 264 S.E. 2d 808, 809 (1980).

In the case *sub judice*, a third person is involved since defendant Burbank and Sure-Fire are separate parties.

> Restatement of Contracts § 84 (1932) provides in pertinent part:

> 'Consideration is not insufficient because of the fact

> *        *        *

> (d) that the party giving the consideration is then bound by a contractual or quasi-contractual duty to a third person to perform the act or forbearance given or promised as consideration . . .'

The rationale of the Restatement rule is best set forth in 1A. Corbin on Contracts § 176 (1950) wherein it is stated:

'But suppose that the pre-existing duty is owed to a third person and not to the promisor. Is the performance of this kind of duty a sufficient consideration for a promise? The American Law Institute has stated that it is sufficient. This should be supported for two reasons: (1) the promisor gets the exact consideration for which he bargains, one to which he previously had no right and one that he might never have received; (2) there are no sound reasons of social policy for not applying in this case the ordinary rules as to sufficiency of consideration. The performance is bargained for, it is beneficial to the promisor, the promisee has forborne to seek a rescission or discharge from the third person to whom the duty was owed, and there is almost never any probability that the promisee has been in position to use or has in fact used any economic coercion to induce the making of the promise. There is now a strong tendency for the courts to support these statements and to enforce the promise. The reasons that may be advanced to support the rule that is applied in the two-party cases, weak enough as they often are in those cases, are scarcely applicable at all in three-party cases.' (Footnote omitted.)

*Id.* at 311-12, 264 S.E. 2d at 809-10.

In light of the above, we hold that plaintiff's promise to perform the demolition suffices as consideration for Burbank's promise to pay even though the promise to perform the demolition was also the consideration in the contract between plaintiff and Sure-Fire.

The judgment of the trial court is

Affirmed.

Judges JOHNSON and EAGLES concur.