ALBERT GREGORY AND WIFE, BETTY GREGORY, PLAINTIFFS v. COUNTY OF HARNETT, AND DAN ANDREWS, WALT TITCHENER, BEATRICE HILL, H.L. SORRELL, JR., AND JOE BOWDEN, HARNETT COUNTY COMMISSIONERS, DEFENDANTS

No. COA97-284

(Filed 16 December 1997)

## Zoning § 41 (NCI4th)— rezoning of land—arbitrary and capricious

The approval by county commissioners of an application to rezone plaintiffs' land from a classification allowing manufactured home parks to a classification prohibiting manufactured home parks except on a conditional use basis was arbitrary and capricious and invalid where the application was filed three days after the rejection of an almost identical application; the approval was based primarily on complaints of citizens of an undocumented crime problem allegedly arising from a manufactured home park three-tenths of a mile from plaintiffs' property; and the commissioners did not consider the character of the land, the suitability of the land for the uses permitted in the proposed zoning district, the comprehensive plan, or the existence of changed circumstances justifying the rezoning classification.

**GREGORY v. COUNTY OF HARNETT**

[128 N.C. App. 161 (1997)]

Appeal by defendants from judgment entered 9 December 1996 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 21 October 1997.

*Johnson and Johnson, P.A., by W. Glenn Johnson; and Holt & York, LLP, by Eric M. Braun, for plaintiff appellees.*

*Dwight W. Snow for defendant appellants.*

SMITH, Judge.

On 18 July 1988, Harnett County (the County) enacted a comprehensive zoning ordinance applicable to all parts of the County located north of the Cape Fear River. Within this area lies property owned by plaintiffs, consisting of approximately 73.04 acres. According to the zoning ordinance, plaintiffs' property was classified as RA-20M, a classification which allows for the construction and placement of manufactured home parks as a generally permitted use.

In 1989, plaintiffs filed an application with the County Planning Department seeking authorization to expand a manufactured home park located on a portion of their property. The application included a plan for 14 lots, including three lots which had been sited on the property prior to the enactment of the 1988 zoning ordinance. The County granted the requested permit on or about 15 December 1989. Construction of the park began on 8 February 1994, and plaintiffs subsequently paved streets and installed a private water system and water lines on the property. They also installed street "stub-outs" and additional water lines in anticipation of future expansion of the park.

On or about 9 June 1994, Rocky and Michelle Caudle (the Caudles) filed a rezoning application requesting the rezoning of approximately 324 acres, including plaintiffs' property. The Caudles sought to have the zoning of this property changed from RA-20M to RA-30, a classification which expressly prohibits manufactured home parks but allows for manufactured homes on a conditional use basis. This rezoning application was denied by a four-to-one vote of the County Board of Commissioners (the Commissioners) on 15 August 1994.

On 18 August 1994, Tommy and Debra Stephens (the Stephenses) filed an application for rezoning which was virtually identical to the Caudles' application. The Planning Board voted unanimously to recommend to the Commissioners that the application be denied. At

their regular meeting on 17 October 1994, the Commissioners held a public hearing on the application. At the conclusion of the hearing, a motion was made to approve the application, but the motion died for lack of a second. A motion was then made to table the matter for consideration at a later date, and this motion passed.

Subsequent to this meeting, the Commissioners viewed plaintiffs' property and received additional information and complaints from the parties involved and other individuals living in the area. On 22 December 1994, plaintiffs submitted to the County an application for subdivision approval for the undeveloped portion of their property. However, before processing this application, the Commissioners approved the Stephenses' rezoning application by a three-to-two vote at the regular meeting held on 3 January 1995. The minutes for this meeting reflect that a formal motion to revive consideration of the Stephenses' application was not made prior to the motion to approve and subsequent approval of the application.

Plaintiffs filed this action against the County and each Commissioner (collectively "defendants") on 18 April 1995 alleging the action taken by the Commissioners violated the Commissioners' internal rules of procedure and public policy, and was also arbitrary and capricious. Plaintiffs sought a judgment declaring the action taken by the Commissioners null and void, and also sought a writ of mandamus ordering the County to process and grant their applications for subdivision approval and for a manufactured home park permit. Both parties subsequently moved for summary judgment. The trial court granted plaintiffs' motion for summary judgment on five out of their six causes of action, finding procedural deficiencies in the action taken by the Commissioners which deprived plaintiffs of substantial rights. The trial court declared the alleged rezoning of the property null and void and remanded plaintiffs' applications for subdivision approval and for a manufactured home park permit to the Commissioners for reconsideration in light of its rulings. However, the trial court granted summary judgment in favor of defendants on plaintiffs' inverse condemnation claim.

On appeal, defendants contend the trial court erred by granting summary judgment on the ground that the alleged rezoning of plaintiffs' property was arbitrary and capricious. Defendants argue the trial court should not have substituted its judgment for that of the Commissioners who are charged with the duty of promoting the public health, safety, and welfare of the County's citizens.

According to N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990), summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The trial court " 'must consider the evidence in the light most favorable to the nonmovant, and the slightest doubt as to the facts entitles him to a trial.' " *Briggs v. Rankin*, 127 N.C. App. 477, 479, 491 S.E.2d 234, 236 (1997) (quoting *Snipes v. Jackson*, 69 N.C. App. 64, 72, 316 S.E.2d 657, 661, *disc. review denied and appeal dismissed*, 312 N.C. 85, 321 S.E.2d 899 (1984)).

County commissioners are authorized to rezone property when reasonably necessary to promote the public health, safety, morals, and welfare; however, this authority may not be exercised in an arbitrary or capricious manner. *Rose v. Guilford Co.*, 60 N.C. App. 170, 173, 298 S.E.2d 200, 202 (1982). N.C. Gen. Stat. § 153A-341 (1991) imposes further limitations on the authority of Commissioners to rezone, providing that:

> Zoning regulations shall be made in accordance with a comprehensive plan and designed to lessen congestion in the streets; to secure safety from fire, panic, and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; and to facilitate the adequate provision of transportation, water, sewerage, schools, parks, and other public requirements. The regulations shall be made with reasonable consideration as to, among other things, the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the county. In addition, the regulations shall be made with reasonable consideration to expansion and development of any cities within the county, so as to provide for their orderly growth and development.

Any action of a local unit of government that disregards these fundamental zoning concepts may be arbitrary and capricious. *See Allred v. City of Raleigh*, 277 N.C. 530, 545, 178 S.E.2d 432, 440 (1971).

Here, the Commissioners approved a rezoning application filed three days after the rejection of an almost identical rezoning request. It is evident from reviewing the record that the three Commissioners

**GREGORY v. COUNTY OF HARNETT**

[128 N.C. App. 161 (1997)]

who voted to approve the Stephenses' rezoning application based their approval primarily on complaints by various citizens of an undocumented crime problem allegedly arising from a manufactured home park three-tenths of a mile from plaintiffs' property. One Commissioner stated he voted to rezone plaintiffs' property because he did not think a manufactured home park "was in keeping with the . . . neighborhood," and another simply stated, "based on my information, I just did what I thought was best for Harnett County." There is also evidence in the record that at least one Commissioner stated the alleged crime problem was the result of the type of people who live in manufactured home parks.

On the other hand, there is no evidence in the record showing that the Commissioners considered the character of the land, the suitability of the land for the uses permitted in the proposed zoning district, the comprehensive plan, or the existence of changed circumstances justifying the rezoning application. By approving the rezoning application without considering such factors, the Commissioners acted arbitrarily and capriciously. *See Rose*, 60 N.C. App. at 174, 298 S.E.2d at 203 (reversing summary judgment for county commissioners and holding that the commissioners' action of rezoning plaintiffs' property to prevent the location of additional manufactured homes on the property was arbitrary and capricious in the absence of changed circumstances justifying the rezoning); *In re Application of Ellis*, 277 N.C. 419, 425, 178 S.E.2d 77, 81 (1970) (holding that the action of the county commissioners denying an application for a permit to establish a mobile home park as a special exception was arbitrary and capricious where all ordinance requirements were met and stating that the commissioners could not deny a permit "solely because, in their view, a mobile-home park would 'adversely affect the public interest[ ]' "; *Chernick v. McGowan*, 656 N.Y.S.2d 392, 394, *leave to appeal granted*, 90 N.Y.2d 806 (1997) (holding that, "[w]hile the Town Board is free to consider matters relating to the public welfare in determining whether to grant or deny a special exception or permit . . . it is impermissible to base the denial solely on the generalized objections and concerns of neighboring community members"). Thus, the trial court properly granted summary judgment for plaintiffs.

Because we find the Commissioners acted arbitrarily and capriciously in approving the rezoning application, we need not address defendants' remaining assignments of error.

HASTINGS v. SEEGARS FENCE CO.

[128 N.C. App. 166 (1997)]

Affirmed.

Judges WYNN and WALKER concur.