## MACHINE COMPANY v. CHALKLEY.

(Filed November 27, 1906).

*Sales—Contracts—Requisites—Mutual Mistake as to Sub-ject-matter—Conversion—Liability—Counter-claim.*

Where the plaintiff proposed to sell a certain kind of machine and the defendant to buy another and quite a different kind, there was a mutual mistake as to the subject-matter of the sale, and the minds of the parties not having met in one and the same intention, there was no contract, but the defendant, having received and converted to his own use the machine shipped to him, is liable for its value, and his counter-claim, for the difference in the price of the two machines, must fail.

ACTION by Charles Holmes Machine Company against D. B. and M. H. Chalkley, trading as Stanton Tanning Com-

pany, heard by *Judge W. B. Councill* and a jury, at the June Special Term, 1906, of the Superior Court of WILKES.

The plaintiff brought this action to recover the sum of two hundred and twenty-five dollars, it being the balance due on the purchase-price of a remodeled scouring and setting machine, and the possession of a Sawyer measuring machine, or if the same cannot be had, then for two hundred and fifty dollars, the value thereof, and one hundred dollars for its detention and deterioration, all of which property it alleges was sold at one and the same time to the defendant. There was no dispute about the sale of the scouring and setting machine, and defendant admitted his liability for the amount of the balance due on the price of that machine; but he averred in his answer that he had not bought the Sawyer measuring machine, which was a side or half-hide measuring machine, whereas he contracted to purchase of the plaintiff and the latter agreed to sell to him a whole-hide measuring machine, and he sets up a counter-claim for the difference in the price of the two machines, as damages, the amount of the said difference being six hundred and fifty dollars. The contract was made by correspondence. The plaintiff advertised for sale a Sawyer measuring machine, and the defendant, referring to the advertisement, inquired by letter for the price of the machine, describing it as a Sawyer whole-hide measuring machine. In the correspondence which followed the plaintiff agreed to sell a Sawyer measuring machine, as it is described in the advertisement, at $250, and the defendant to buy a whole-hide measuring machine at that price. The correspondence was lengthy, but this is the substance of it, so far as it is material to this case. The defendant received the measuring machine and sold it for $250—the price he gave for it. It is admitted that the plaintiff is entitled to recover the full amount of its claim, unless the defendant can recover on his counter-claim.

The Court charged the jury that if they found the facts to be as set out in the correspondence, they should return a verdict in favor of the plaintiff for the full amount of its claim. The defendant excepted. The issue and answer thereto were as follows: "What amount, if any, is the plaintiff entitled to recover of the defendant? Ans. The sum of $475, with interest from 15 August, 1902, until paid." Judgment was entered on the verdict, and the defendant appealed.

*Finley & Hendren* and *F. D. Hackett* for the plaintiff.
*W. W. Barber* for the defendant.

WALKER, J., after stating the case: The first and most essential element of an agreement is the consent of the parties, an *aggregatio mentium,* or meeting of two minds in one and the same intention, and until the moment arrives when the minds of the parties are thus drawn together, the contract is not complete, so as to be legally enforcible. Wald's Pollock on Contract (3 Ed.), p. 3. It is necessary that the parties should be assured by mutual communication or negotiation that a common intention exists and that they mean the same thing in the same sense. *Ibid.* (1 Ed., 1881), p. 5. It must be remembered, though, that this common intention is a fact, or inference of fact, which, like any other fact, has to be proved according to the general rules of evidence. *Ibid.* (3 Ed.), p. 4. Nor is the contract to be ascertained by what either one of the parties thought it was, but by what both agreed it should be. *Prince v. McRae*, 84 N. C., 674. The law proceeds not upon the understanding of one of the parties, but upon the agreement of both. *Lumber Co. v. Lumber Co.,* 137 N. C., 436, where the authorities are collected. Subject to this rule, if the treaty of the parties is based upon a material mistake of fact of such character that there is no mutual assent to one and the same thing, then no contract comes into existence, as, in contemplation of the law, there has been a failure to agree. Tiffany on Sales, p. 108.

In this case, the difference between the parties is as to the subject-matter of their contract or as to what was sold by one and bought by the other. "It is essential to the validity of a contract that the parties should have consented to the same subject-matter in the same sense. They must have contracted *ad idem." Utley v. Donaldson,* 94 U. S., 29. It has also been said that "as mutual assent is necessary to the formation of the contract, it follows that an error or mistake of fact in that which goes to the essence of the agreement, and therefore excludes such assent, prevents the formation of the contract, since each party is really assenting to something different, notwithstanding the apparent mutual assent." 24 Am. and Eng. Enc. (2 Ed.), p. 1034. And this doctrine, of course, applies to a mistake of the parties as to the subject-matter, as is there stated. In a case much like this one it was held that the contract must be on the one side to sell, and on the other side to accept, one and the same thing. *Thornton v. Kempster,* 5 Taunton, 786 (1 E. C. L., 265). Where there is a mistake as to the subject-matter of the sale, it affects the substance of the contract by eliminating its essential element, the mutual assent of the parties, upon the principle embodied in the maxim of the civil law, *"Cum in corpore dissentitur, apparet nullam esse acceptionem." Gardner v. Lane,* 94 Mass., 39. So in the case of *Kyle v. Kavanaugh,* 103 Mass., 356, the Court uses language peculiarly applicable to the facts of this case: "If the defendant was negotiating for one thing and the plaintiff was selling another thing, and their minds did not agree as to the subject-matter of the sale, there would be no contract by which the defendant would be bound, though there was no fraud on the part of the plaintiff. This rule is in accordance with the elementary principles of the law of contract." The following cases are also in point: *Wheat v. Cross,* 31 Md., 99; *Sherwood v. Walker,* 66 Mich., 568; *Cutts v. Guild,* 57 N. Y., 229; *Calkins, v. Griswold,* 11 Hun.

(N. Y.), 208; *Sheldon v. Capron,* 3 R. I., 171; *Ketchum v. Catlin,* 21 Vt., 191; *Spurr v. Benedict,* 99 Mass., 463.

Let us now apply the principle thus established to the facts of this case. The correspondence plainly shows, as his Honor held, that the parties were mutually mistaken as to what was being sold. The plaintiff advertised for sale the very machine which was shipped to the defendant, it being the one and the only one it proposed to sell at $250. The defendant accepted the proposal, but not according to the terms in which it was made. The plaintiff proposed to sell one thing and the defendant to buy another and quite different thing. There is no other construction to be placed upon the correspondence between the parties. There was a mutual mistake as to an essential matter, and the minds of the parties have therefore not met in one and the same intention. There is no fraud alleged in this case, but nevertheless it results that there was no contract. The defendant, though, has received and converted to his own use the machine shipped to him, and as it was not his property, but belonged to the plaintiff, he is liable for its value, which is admitted to be $250, that being the amount realized from the sale of it by him. Tiffany on Sales, pp. 108 and 109. In this view of the case, the counter-claim, as a matter of course, must fail.

It does not appear that there is any machine known in the trade as a "whole-hide measuring machine." though there may be one of that kind. Assuming that there is, the defendant says in his counter-claim that it is worth $900, and seeks to recover the difference in the price of the two machines. The defendant was conducting a tannery at Stanton, N. C., and intended to use the machine in his business and may be presumed to have had knowledge of the value of such machines. It seems that he expected to buy a machine worth $900 at the much reduced price of $250. The great disparity between the real value of the machine which the defendant thought

he was buying and the price at which the plaintiff's machine was advertised for sale, it would seem, was sufficient to excite his inquiry as to whether he and the plaintiff really under-, stood each other, if not to induce the belief that there was a mistake. But however this may be, they did not agree, and there was no sale by which the defendant acquired title to something he did not get, but which, as he alleges, he should have received.

No Error.