## E. A. WELLMAN v. J. A. HORN.

### (Filed 27 November, 1911.)

1. **Statute of Frauds—Contract to Convey Lands—Memoranda—Lawfully Authorized Agent.**

    A memorandum of a contract to convey land, written at the request of the contracting parties and in their presence, sufficiently stating the terms and conditions of sale, designating the lands sold, with the names of the parties appearing therein, is sufficient to make a valid contract under the statute of frauds.

2. **Same—Signing—Name in Memoranda.**

    It is not necessary that a contract to convey lands be subscribed by the party to be bound thereby, and the requirements of the statute of frauds are met if his duly authorized agent write his name within a sufficient memorandum of the agreement.

3. **Statute of Frauds—Contract to Convey Lands—Lawfully Authorized Agent—Parol Authority.**

    The authority of a duly authorized agent of a party to be bound by a contract to convey lands need not be in writing under the statute of frauds.

4. **Same—Description—Signing—Name in Memorandum.**

    A, having agreed to sell his home place to B, the parties requested C to witness the terms and conditions of the sale, and B having given A his note in part payment of the purchase money, C, in the presence of A and B, wrote the following memorandum of sale: "$5,000 January 2, 1911; $5,000 January 2, 1912. B to pay the above to A when he makes deed to A for B's home place, 3 October, 1910." C read this memorandum over to A and B, and they said it was correct. B resisted suit to recover the purchase price on the ground of the statute of frauds: *Held*, C was the lawfully authorized agent of A to write the contract, within the meaning of the statute of frauds; the property contracted for was sufficiently described; the writing of A's name in the memorandum was a sufficient signing, and the contract is a valid one.

APPEAL by defendant from *W. J. Adams, J.,* at Summer Term, 1911, of CLEVELAND.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Reyburn & Hoey and Burwell & Cansler for plaintiff.*
*O. Max Gardner and O. F. Mason for defendant.*

CLARK, C. J. This was an action for the specific performance of a contract to convey land and to recover the balance of the purchase price. On 3 October, 1910, the plaintiff contracted orally to sell his home place to the defendant for $10,000, one-half payable 2 January, 1911, and the other 2 January, 1912. It was in evidence that soon afterwards the parties by agreement went to the First National Bank to get C. C. Blanton to witness the trade, and the defendant stated to Blanton in plaintiff's presence that he had bought plaintiff's home place for $10,000 and wanted Blanton to witness the trade and wanted to make a payment to bind the trade, and suggested $50, but upon the plaintiff's objecting, the defendant then and there gave his note for $500 due 2 January, 1911, to bind the trade; Blanton wrote the note, which defendant signed, and it was also witnessed by Blanton. It was also in evidence that thereupon the defendant asked the plaintiff for something to bind him; that the plaintiff gave a receipt for the $500 note, Blanton writing and witnessing it, and that after the receipt was given the defendant said: "Now, we had better call over the amount to be paid and when it is to be paid," and said: "I am to pay the remaining part of $5,000 outside of this note on 2 January, 1911, and I am to pay Wellman the remaining $5,000 on 2 January, 1912."

It was further in evidence: "That Blanton drew a bank deposit slip near him and wrote down what defendant said, as he stated it, the defendant standing on the right of Blanton and the plaintiff on the left, where both could see what he was doing; that after Blanton wrote the memorandum he said: 'Boys, let's see if we understand this trade.' Then Blanton read over the following memorandum, which both parties agreed was correct: '$5,000 2 January, 1911; $5,000 2 January, 1912. J. A. Horn to pay the above to E. A. Wellman when he makes deed to Horn for Wellman's home place, 3 October, 1910.'"

There was evidence in corroboration and evidence contradictory of the above. The judge recited the above and the other evidence, and told the jury that if they should find that Blanton

in the presence of the defendant, wrote the memorandum at the request of the defendant, embracing therein the terms of the contract, and thereafter read it to the parties, and that the defendant then agreed that the memorandum was a correct statement of the contract, they would find that Blanton was lawfully authorized by the defendant to make the memorandum, and would answer the first issue "Yes." And unless they so found, to answer the first issue "No." The jury responded "Yes."

The statute of frauds was pleaded, but this memorandum complies with that statute, because, as the jury find the facts, there was sufficient signing; the memorandum embraced all the essential elements of the contract; it was sufficiently definite and contained all the terms of the agreement.

Under the statute of frauds it is not necessary that the contract should be subscribed. It is sufficient if it is signed by the party to be charged or by some one duly authorized by him. If the name "J. A. Horn" in the memorandum had been signed by the defendant, it would have been sufficient. It is equally sufficient if "J. A. Horn" was written therein by some one authorized by him. It is not necessary that such authority should be in writing. There was evidence that Blanton wrote the memorandum, including the name "J. A. Horn," in his presence and by his authority, and that the defendant could see him while he was writing.

The defendant subsequently, on 5 October, wrote the plaintiff a letter in which he said: "I would like to git out of our land trade if it would suit you. I cannot rent my plase so it will pay," and went on to give other reasons why he wished to be released. The jury found all the other issues also in favor of the plaintiff, to wit, that the plaintiff had tendered a good and sufficient deed, which the defendant refused to accept, and that plaintiff had not made any fraudulent representations in regard to the matter. The case was fully argued below and here. But the above presents the real point in controversy, and we find no error in the record of the trial below.

The statute of frauds, Revisal, 976, provides: "All contracts to sell or convey any lands, etc., shall be void unless the *said*

*contract* or some memorandum or note thereof be put in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized."

Speaking for myself only, the statute does not require the agreement to pay the purchase money to be in writing, but only the contract "to sell or convey land." The decisions on this point have been conflicting, and are fully stated on both sides in *Brown v. Hobbs,* 154 N. C., 546 and 547-556, in the two concurring opinions therein set out. The point is not made in this case, and for the purpose of this decision the case has been tried and decided both below and in this Court as if it were conceded by the plaintiff that the contract of the defendant to pay the purchase money was required to be in writing. The oral contract to pay the purchase money is not controverted, nor the sufficiency of the description, "the Wellman home place."

No error.