W. STALEY HILLIARD, EDWARD GASKINS, AND DANIEL C. LYNN v. WILLIAM L. THOMPSON AND MAE P. THOMPSON

No. 8510SC1268

(Filed 17 June 1986)

**Contracts § 2.4; Vendor and Purchaser § 1— contract to convey realty—no mutuality of obligation**
    Where a vendor could not have delivered a warranty deed conveying fee simple marketable title as required by the contract to convey realty because his wife refused to sign the deed, the vendor could not have enforced the contract against the purchasers; therefore there was no mutuality of obligation and the purchasers could not enforce the contract against the vendor.

Hilliard v. Thompson

Judge WHICHARD concurs in the result.

Judge JOHNSON concurs in the result and joins in the concurring opinion.

APPEAL by plaintiffs from *Read, Judge.* Judgment entered 10 June 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 6 May 1986.

This is an action for breach of contract. The defendants moved for summary judgment and the pleadings and materials introduced in opposition to and in support of the motion for summary judgment showed that the following matters are not in dispute. On 7 January 1985 an "offer to purchase and contract" was signed by the defendant William L. Thompson and WH & G Realty, Inc. WH & G Realty was not an extant corporation but the plaintiffs intended to organize such a corporation to take the title to a tract of real estate which was the subject of the contract.

Under the terms of the contract the defendant William L. Thompson agreed to convey a tract of real estate in Durham County to the WH & G Realty, Inc. for $70,000.00. William L. Thompson owned the real property and it was agreed by the parties that he would take the contract home to be signed by his wife that night. The plaintiffs at that time delivered to Mr. Thompson a check for $500.00. On the night of 7 January 1985 William L. Thompson called one of the plaintiffs and told him his wife would not sign the contract unless the price was raised to $75,000.00. The plaintiffs agreed to this price. It was agreed that the parties would meet at Mr. Thompson's office the next morning and change the contract to reflect the new price. The next day Mr. Thompson advised the plaintiffs that he had been offered $84,600.00 for the property and returned the check for $500.00. William L. Thompson agreed to give the plaintiffs a chance to meet any offer which was made for the property. The property was sold to a third party before the plaintiffs could meet the third party's offer.

The court granted the motion for summary judgment in favor of both defendants and the plaintiffs appealed.

*William A. Bason, for plaintiff appellants.*

*Howard, Howard, Morelock & From, P.A., by Fred M. Morelock and John N. Hutson, Jr., for defendant appellees.*

WEBB, Judge.

The pleadings and the papers filed in support of and in opposition to the motion for summary judgment do not contain any evidence that William L. Thompson was acting as agent for his wife at the time he signed the contract to sell the property. Summary judgment was properly entered on the claim against her. *See Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). The plaintiffs argue that there was evidence that William L. Thompson approached Daniel C. Lynn and offered him $5,000.00 if he would sell the property, that the property was not owned by the defendants as tenants by the entirety but was wholly owned by the defendant William L. Thompson, and that he was selling the property because his wife wanted a double wide mobile home. The plaintiffs argue that this is evidence from which a jury could conclude William L. Thompson was acting for his wife. We do not believe this is evidence sufficient to submit to a jury on the question of agency. This is particularly true when all the evidence shows the parties agreed Mr. Thompson would take the contract home to be signed by his wife. The marital relationship does not raise a presumption that the husband is acting as an agent for his wife. *Albertson v. Jones,* 42 N.C. App. 716, 257 S.E. 2d 656 (1979).

*Reichler v. Tillman,* 21 N.C. App. 38, 203 S.E. 2d 68 (1974) and *Lawing v. Jaynes,* 20 N.C. App. 528, 202 S.E. 2d 334, *modified,* 285 N.C. 418, 206 S.E. 2d 162 (1974), relied on by the plaintiffs, are not helpful to them. *Reichler* deals with a question of judgment on the pleadings. The plaintiff had pled that the wife was bound by the contract and this Court held the plaintiff had the right to prove the husband was acting as her agent. In this case we deal with a motion for summary judgment. The parties have forecast what the evidence will be. In *Lawing* this Court held that the superior court had not made findings of fact sufficient to determine whether a husband was acting for his wife. This Court made some statements as to evidence which would prove agency, which statements are not inconsistent with our decision in this case.

One of the terms of the alleged contract provided that William L. Thompson deliver to the plaintiffs a general warranty deed which would contain a fee simple marketable title. Without the signature of his wife Mr. Thompson could not have delivered

such a deed. The plaintiffs would not have been liable on the contract if Mr. Thompson had sued them. There was not a mutuality of obligation. The Restatement (Second) of Contracts § 79 (1981) says that if the requirement of consideration is met, there is no additional requirement of mutuality of obligation. It justifies this rule by saying that the value of a promise is not necessarily affected by the fact that no legal remedy will be available in the event of a breach. We have not been able to find a case in North Carolina dealing with the precise question of whether an agreement which may not be enforceable against one party may nevertheless be enforced against the other. We believe there are cases which assume that such contracts are not enforceable against either party. *See Wellington-Sears & Co. v. Dize Awning & Tent Co.,* 196 N.C. 748, 147 S.E. 13 (1929); *Rankin v. Mitchem,* 141 N.C. 277, 53 S.E. 854 (1906); and *Mezzanotte v. Freeland,* 20 N.C. App. 11, 200 S.E. 2d 410, *cert. denied,* 284 N.C. 616, 201 S.E. 2d 689 (1974). In *Rankin* the Court held that a promise was not enforceable because both sides were not bound by it. The Court said, "[i]n order to make an agreement valid and binding, the promises must be mutual, . . . ." 141 N.C. at 283, 53 S.E. at 856. In *Wellington* the Court recognized the principle that there must be mutuality of obligation but held that in that case there was sufficient consideration because there were promises enforceable against the plaintiff. In *Mezzanotte* it was held there was a mutuality of obligation. We believe we are bound by these cases to hold that because the defendant William L. Thompson could not have enforced the contract against the plaintiffs, the plaintiffs cannot enforce the contract against William L. Thompson. It was not error to grant the motion for summary judgment in favor of William L. Thompson.

Affirmed.

Judge WHICHARD concurs in the result.

Judge JOHNSON concurs in the result and joins in the concurring opinion.

Judge WHICHARD concurring in the result.

I concur in the result reached, but I believe the opinion unnecessarily premises the decision on the mutuality of obligation

doctrine. It observes that defendant-husband could not have de-
livered a warranty deed conveying fee simple marketable title
without the signature of defendant-wife and that one of the terms
of the alleged contract was to provide such a deed. It reasons
from these observations that "plaintiffs would not have been
liable on the contract if [defendant-husband] had sued them. There
was not a mutuality of obligation." Based on this reasoning it
holds that because defendant-husband could not have enforced the
alleged contract against plaintiffs, plaintiffs accordingly cannot
enforce the contract against defendant-husband.

I believe it is unnecessary to consider the performance
obligations of plaintiffs to determine whether the alleged contract
is binding on defendant-husband. Defendant-husband's uncontro-
verted affidavit establishes that when he signed the alleged con-
tract all parties agreed that he would have to discuss the matter
with his wife before he could enter a binding agreement. It fur-
ther establishes that he informed plaintiffs that he did not believe
his wife would agree to some of the terms in their written offer,
and that she in fact refused to sign.

Like the author of the opinion, I find no North Carolina
authority directly on point. I believe the following is an accurate
statement of the general law, however:

> It has been held in numerous cases that, where an in-
> strument has been executed by only a portion of the parties
> between whom it purports to be made, it is not binding on
> those who have executed it. . . .

> The question as to whether those who have signed are
> bound is generally to be determined by the intention and un-
> derstanding of the parties at the time of the execution of the
> instrument. The reason for holding the instrument void is
> that it was intended that all the parties should execute it and
> that each executes it on the implied condition that it is to be
> executed by the others, and, therefore, that until executed by
> all it is inchoate and incomplete and never takes effect as a
> valid contract, and this is especially true where the agree-
> ment expressly provides or its manifest intent is, that it is
> not to be binding until signed.

> Where these reasons do not apply, it is usually held that
> a party who signs and delivers an instrument is bound by the

obligations therein assumed, although it is not executed by all the parties named in it, as, for example, where all the parties recognize the validity of the contract and acquiesce in its performance. Usually, however, a party may, on signing, impose an enforceable condition that the agreement is not to be binding until signed by others.

17 C.J.S., Contracts Sec. 62 at 734-36. As stated in *Skinner v. Haugseth*, 426 So. 2d 1127, 1130 (Fla. App. 1983): "In the final analysis, the question almost always seems to turn upon whether the signing party manifested the intent not to be bound by the contract unless all of the other parties joined in its execution." And, as stated in *Bank of United States v. Chemical Bank & Trust Co.*, 140 Misc. 394, 396, 246 N.Y.S. 595, 598 (Sup. Ct. 1930): "When the intent is manifested that the contract is to be executed by others than those who actually signed it, it is inchoate and incomplete and does not take effect as a binding contract unless executed by all parties."

The uncontroverted forecast of evidence here establishes that defendant manifested an intent that the alleged agreement was not to be binding unless his wife became a party by agreeing to it, and that his wife refused to sign and become a party. The alleged agreement thus remained inchoate and incomplete and never took effect as a binding contract. I would hold that the plaintiffs cannot enforce the alleged agreement on this account and would not invoke the mutuality of obligation doctrine on the facts presented. *See* Calamari, *et al., Contracts*, Sec. 4-14 at 157 (2d ed., 1977) (while doctrine may have core of validity, it has been over-generalized and used as a mistaken premise for decisions).