HAROLD LANE PARKER, PLAINTIFF v. DOUGLAS GLOSSON, DEFENDANT

No. COA06-740

(Filed 20 March 2007)

**Vendor and Purchaser— standard form agreement for purchase and sale of real property—signed by one of two named sellers—invalidity**

A standard form agreement for the purchase and sale of real property was not a valid contract where it was signed by only one of the two named sellers, and language in the agreement providing that it "shall become an enforceable contract when a fully executed copy has been communicated to both parties" demonstrates that the parties did not intend to have a valid contract until it was signed by all parties.

Judge TYSON dissenting.

Appeal by plaintiff from order entered 20 February 2006 by Judge Larry G. Ford in Superior Court, Davidson County. Heard in the Court of Appeals 24 January 2007.

*Eric C. Morgan, P.A., by Eric C. Morgan, and L. G. Gordon, Jr., P.A., by L.G. Gordon, Jr. for plaintiff-appellant.*

*Biesecker, Tripp, Sink & Fritts, L.L.P., by Joe E. Biesecker and Christopher Alan Raines, for defendant-appellee.*

STROUD, Judge.

This is a breach of contract action concerning a standard form Agreement for Purchase and Sale of Real Property (Agreement) that is signed by only one of two named sellers. The dispositive question before this Court is whether there is a valid contract between the buyer and the signing seller. Because the Agreement expressly provides that it "shall become an enforceable contract when a fully executed copy has been communicated to both parties," but one party has not signed the Agreement, we conclude that there is no valid contract.

## I.  Background

Plaintiff Harold Parker filed a civil complaint against defendant Douglas Glosson in Superior Court, Davidson County on 4 January 2006. In the complaint, plaintiff alleged that defendant breached a contract to sell thirty-six acres of real property, including a truck shop, warehouse, and offices, located in Lexington, N.C. Plaintiff further alleged that he "made demand for [c]losing on the [p]roperty and offered to tender the closing price," but that defendant ignored his requests. In his prayer for relief, plaintiff sought specific performance and, alternatively, damages.

Plaintiff attached a copy of the Agreement to his complaint, labeling the document "Exhibit A." Clause thirteen of the Agreement provides: "This Agreement shall become an enforceable contract when a fully executed copy has been communicated to both parties." (Emphasis added.) Although the Agreement names Douglas Glosson and Sandy Glosson as the sellers of the disputed property, only Douglas Glosson has signed the document. Plaintiff's complaint alleged that Douglas Glosson is "the owner" of the property and the remaining allegations contained therein do not mention Sandy Glosson.

PARKER v. GLOSSON

[182 N.C. App. 229 (2007)]

On 3 February 2006, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Judge Larry G. Ford heard defendant's motion on 20 February 2006, at which time defendant argued that no valid contract existed between the parties because the Agreement, on its face, shows that the parties did not intend to be bound by a contractual relationship until both sellers and the buyer signed the document. Plaintiff responded that the Agreement satisfies the statute of frauds and that there are many outstanding questions of fact concerning Sandy Glosson and her interest in the property that make dismissal improper.

On 21 February 2006, Judge Ford entered an order dismissing plaintiff's complaint. In his order, Judge Ford concluded that "the complaint fails to state a claim upon which the relief prayed in the complaint can be granted because there is no valid contract." Plaintiff appealed.

## II.  Standard of Review

This Court reviews dismissal of a complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), *de novo*. *Acosta v. Byrum*, 180 N.C. App. 562, 638 S.E.2d 246 (2006). "The word '*de novo*' means fresh or anew; for a second time," *In re Reassignment of Hayes*, 261 N.C. 616, 622, 135 S.E.2d 645, 649 (1964), and an "appeal *de novo*" is an "appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings," *Black's Law Dictionary* 94 (7th ed. 1999). Thus, we consider the parties' pleadings, together with the transcript of the parties' argument below, to determine whether defendant met the applicable burden of proof.

To prevail on a Rule 12(b)(6) motion to dismiss, the defendant must show that "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). The complaint must "allege[] the substantive elements of a legally recognized claim" and must "give sufficient notice of the events which produced the claim to enable the adverse party to prepare for trial." *People's Sec. Life Ins. Co. v. Hooks*, 322 N.C. 216, 218, 367 S.E.2d 647, 648-49 (1988). If a complaint "disclos[es] . . . [a] fact which will necessarily defeat" the plaintiff's claim, then it will be dismissed. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241

(1980). "Documents attached as exhibits to the complaint and incorporated therein by reference are properly considered when ruling on a 12(b)(6) motion." *Woolard v. Davenport*, 166 N.C. App. 129, 133-34, 601 S.E.2d 319, 322 (2004).

### III.  Contract Formation

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). No contract is formed without an agreement to which at least two parties manifest an intent to be bound. *Croom v. Goldsboro Lumber Co., Inc.*, 182 N.C. 217, 220, 108 S.E. 735, 737 (1921) (mutual assent is an "essential element" of every contract); *see also Kirby v. Stokes Cty. Bd. of Educ.*, 230 N.C. 619, 626, 55 S.E.2d 322, 327 (1949) ("A contract is an agreement between two or more persons or parties [based] on sufficient consideration to do or refrain from doing a particular act."). In law, this agreement is commonly called mutual assent and is customarily described as a "meeting of the minds." *See Charles Holmes Mach. Co. v. Chalkley*, 143 N.C. 181, 183, 55 S.E. 524, 525 (1906) ("The first and most essential element of an agreement is the consent of the parties, an *aggregatio mentium*, or meeting of two minds in one and the same intention, and until the moment arrives when the minds of the parties are thus drawn together, the contract is not complete, so as to be legally enforceable.").

There is no meeting of the minds, and, therefore, no contract, when "in the contemplation of both parties . . . something remains to be done to establish contract relations." *Fed. Reserve Bank v. Neuse Mfg. Co. Inc.*, 213 N.C. 489, 493, 196 S.E. 848, 850 (1938). This rule has been described as "too well established to require the citation of authority." *Id.* Thus, if negotiating parties impose a condition precedent on the effectiveness of their agreement, no contract is formed until the condition is met. Likewise, when negotiating parties make it clear that they do not intend to be bound by a contract until a formal written agreement is executed, no contract exists until that time. *Hilliard v. Thompson*, 81 N.C. App. 404, 409, 344 S.E.2d 589, 592 (1986) (Whichard, J., concurring and stating the majority holding) (concluding because "[t]he uncontroverted forecast of evidence . . . establishes that defendant manifested an intent that the alleged agreement was not to be binding unless his wife became a party by agreeing to it, and that his wife refused to sign and become a party . . . . I would hold that the plaintiffs cannot enforce the alleged agreement");[1] *see also Burgin v. Owen*, 181 N.C. App. 511, —— S.E.2d

PARKER v. GLOSSON

[182 N.C. App. 229 (2007)]

—— (filed Feb. 6, 2007) (affirming the trial court order which granted the defendant's Rule 12(b)(6) motion to dismiss plaintiff's complaint alleging breach of contract and specific performance because (1) N.C. Gen. Stat. § 39-13.6(a) (2005) provides that a husband may not convey real property held as tenancy by the entirety without his wife's signature, and (2) the defendant's wife did not sign the Offer to Purchase and Contract).

Here, clause 13 of the Agreement for Purchase and Sale of Real Property [the Agreement] expressly provides "[t]his [a]greement shall become an enforceable contract when a fully executed copy has been communicated to both parties." (Emphasis added.) From this language, we conclude that the sellers did not intend to sell, and the buyer did not intend to buy, until the Agreement was signed by all parties. The parties identified as "Seller[s]" at the top of the first page of the Agreement are Douglas Glosson and Sandy Glosson; however, only Douglas Glosson has signed on the "Seller" signature lines at the end of the Agreement.[2] Because Sandy Glosson has not signed the Agreement, the Agreement is not "fully executed" and, therefore, no contract has been formed between the parties as a matter of law.

The reason for holding the instrument void is that it was intended that all the parties should execute it and that each executes it on the implied condition that it is to be executed by the others, and, therefore, that until executed by all it is inchoate and incomplete and never takes effect as a valid contract, and this is especially true where the agreement expressly provides or its manifest intent is, that it is not to be binding until signed.

1. Although Judge Whichard's opinion in *Hilliard* is titled as a "concurring opinion," Judge Johnson joined in Judge Whichard's concurrence. 81 N.C. App. at 404, 344 S.E.2d at 589. Therefore, the majority holding is actually contained in Judge Whichard's "concurrence." *See, e.g., Maraman v. Cooper Steel Fabricators*, 355 N.C. 482, 483, 562 S.E.2d 420, 421 (2002) (affirming the Court of Appeals' opinion in part and reversing the Court of Appeals' opinion in part because "a portion of the majority opinion was erroneously designated a dissent, while a portion of the dissent was found in what purported to be the majority opinion"); *Jones v. Asheville Radiological Group, P.A.*, 350 N.C. 654, 655, 517 S.E.2d 380, 380 (1999) (remanding for modification of the Court of Appeals' opinion because "the majority holding is found within an opinion authored by Judge Green titled 'concurrence and dissent'"); *Knight Pub. Co., Inc. v. Chase Manhattan Bank, N.A.*, 351 N.C. 98, 98, 530 S.E.2d 54, 54 (1999) (remanding for modification of the Court of Appeals' opinion because the "majority holding . . . is found in Judge Walker's concurring in part and dissenting in part opinion").

2. No party is identified as the Buyer. An illegible signature, alleged to be the signature of Harold Parker, is written on the "Buyer" signature line at the end of the document.

PARKER v. GLOSSON

[182 N.C. App. 229 (2007)]

*Hilliard*, 81 N.C. App. at 409, 344 S.E.2d at 591 (Whichard, J. concurring) (internal quotation omitted) (emphasis added).

In reaching this result, we take the word "execute" to mean "sign," which is a familiar usage of this term at law and which is the apparent meaning of the term in context. *See Black's Law Dictionary* 589 (7th ed. 1999) (defining "execute" as a verb which means "[t]o make [a legal document] valid by signing"); *Harris v. Latta*, 298 N.C. 555, 558, 259 S.E.2d 239, 241 (1979) ("In construing contracts ordinary words are given their ordinary meaning unless it is apparent that the words were used in a special sense."). For example, in *Hilliard v. Thompson*, this Court repeatedly used the term "execute" to refer to the "signing" of a real estate contract. 81 N.C. App. at 408-09, 344 S.E.2d at 591-92.

Although we agree with plaintiff that a contract to sell or convey an interest in real property is <u>enforceable</u> if the essential terms of the parties' agreement are evidenced in writing and that writing is "signed by the party to be charged," *see* N.C. Gen. Stat. § 22-2 (2005) (contracts concerning interests in real property must be in writing); *Durham Consol. Land & Improvement Co. v. Guthrie*, 116 N.C. 381, 384, 21 S.E. 952, 953 (1895) (explaining "that if A contracts in writing to sell a tract of land to B, whose promise to pay is not in writing, A would be bound to perform, but B would not, if he saw proper to avail himself of the statute [of frauds]"), the issue *sub judice* is one of contract formation, not contract enforceability. Although plaintiff asserts that there are outstanding questions of fact concerning Sandy Glosson's identity and interest in the disputed property, plaintiff can "prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987). The complaint "disclos[es] . . . [a] fact which will necessarily defeat" plaintiff's claim for breach of contract. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981). The dispositive fact is that Sandy Glosson has not executed the Agreement.

### IV.  Conclusion

For the reasons stated above, we affirm the trial court order granting defendant's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

AFFIRMED.

Judge STEPHENS concurs.

**PARKER v. GLOSSON**

[182 N.C. App. 229 (2007)]

Judge TYSON dissents by separate opinion.

TYSON, Judge, dissenting.

The majority's opinion concludes no contract was formed between Harold Lane Parker ("plaintiff") and Douglas Glosson ("defendant") because Sandy Glosson ("Sandy") did not execute the agreement. The majority's opinion erroneously affirms the trial court's order granting defendant's Rule 12(b)(6) motion to dismiss plaintiff's breach of contract claim. I vote to reverse the trial court's order. I respectfully dissent.

## I. Background

On 16 March 2005, plaintiff and defendant entered into a written agreement for the purchase and sale of real property located in Lexington, North Carolina. Plaintiff and defendant signed a standard form "Agreement for Purchase and Sale of Real Property," approved by the North Carolina Association of Realtors. Undisputed evidence shows the agreement: (1) did not include plaintiff's name in the blank space as "Buyer" on its first page; (2) listed defendant and Sandy as "Seller;" (3) included a description of the property; (4) provided the purchase price; (5) was signed by plaintiff as "Buyer" and defendant as "Seller ;" and (6) was not signed by Sandy.

On 4 January 2006, plaintiff filed a complaint against defendant alleging breach of the agreement to sell and convey the real property. The agreement between the parties was attached to and incorporated by reference into the complaint. Plaintiff sought specific performance of the agreement or, in the alternative, damages for defendant's breach of contract. Defendant did not answer plaintiff's complaint. On 3 February 2006, defendant moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) "on the ground that the complaint on its face fail[ed] to show a claim upon which relief c[ould] be granted."

On 20 February 2006, a hearing was conducted on defendant's motion to dismiss. Defendant asserted the lack of an enforceable contract with plaintiff and argued the complaint must be dismissed because: (1) the "Buyer" line on the first page of the agreement was left blank and (2) Sandy did not execute or sign the agreement. The trial court concluded "there [was] no valid contract" on 21 February 2006 and granted defendant's motion to dismiss. Plaintiff appeals.

PARKER v. GLOSSON

[182 N.C. App. 229 (2007)]

## II. Issue

Plaintiff argues the trial court erred by concluding "there [was] no valid contract" and granting defendant's motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

## III. Standard of Review

Our Supreme Court has stated:

The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. *A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of plaintiffs' claim so as to enable him to answer and prepare for trial.*

*Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E.2d 240, 241 (1981) (internal citations omitted) (emphasis supplied).

This Court has stated, "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. In analyzing the sufficiency of the complaint, the complaint must be liberally construed." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987) (internal citations omitted).

## IV. Motion to Dismiss

"The elements of breach of contract are (1) the existence of a valid contract and (2) breach of the terms of the contract." *Long v. Long*, 160 N.C. App. 664, 668, 588 S.E.2d 1, 4 (2003) (citation omitted). Plaintiff's complaint alleged "[plaintiff] and [defendant] entered into a written agreement ("Contract") for the purchase and sale of the Property." Plaintiff also alleged defendant stated he "was going to 'back out' of the Contract and would not sell the Property to [plaintiff]" and that plaintiff had tendered performance to close the transaction. Plaintiff alleged a valid breach of contract claim. *Id.*

**PARKER v. GLOSSON**

[182 N.C. App. 229 (2007)]

A. Statute of Frauds

Plaintiff argues the trial court improperly relied upon the statute of frauds in reaching its decision. The majority's opinion wholly fails to address this argument. The trial court committed reversible error by relying on the statute of frauds upon defendant's motion to dismiss.

At the hearing, defendant asserted no valid contract existed between the parties and argued the complaint must be dismissed because: (1) the "Buyer" line on the first page of the agreement was left blank and (2) Sandy did not execute or sign the agreement. During the hearing, plaintiff's counsel asked to provide the trial court a case analyzing the statute of frauds. Although the trial court responded the statute of frauds was "not the whole reason I made the decision" to grant defendant's motion to dismiss, the transcript shows the trial court granted defendant's motion based in part upon a violation of the statute of frauds. N.C. Gen. Stat. § 22-2 (2005). The trial court stated:

[The statute of frauds is] not the whole reason I made the decision. A lot of other reasons I made the decision what [defendant's counsel] said there. It wasn't just that. That's not the whole reason. That technicality—we are dealing with lots of technicalities here, but I think I'm going to grant the 12(b)(6) motion and I think I'm correct. Maybe I'm not, that's why the roads are paved between here and Raleigh.

This Court addressed similar facts in *Brooks Distributing Co. v. Pugh*, 91 N.C. App. 715, 373 S.E.2d 300, *rev'd per curiam*, 324 N.C. 326, 378 S.E.2d 31 (1989). In *Brooks*, the trial court dismissed a complaint that alleged breach of contract. 91 N.C. App. at 717, 373 S.E.2d at 302. The trial court dismissed on the ground that the statute of frauds required all the essential elements of a covenant not to compete to be in writing. *Id.* This Court affirmed the trial court's decision in part and reversed in part on other matters, with Judge Cozort dissenting in part. *Id.* at 722, 373 S.E.2d at 305.

Our Supreme Court reversed and adopted the rationale of Judge Cozort's dissenting opinion which stated in relevant part:

It is inappropriate to consider, for purposes of a motion under 12(b)(6), whether the contract fails to comport with the statute of frauds, *because the defense that the statute of frauds bars*

*enforcement of a contract is an affirmative defense that can only be raised by answer or reply.*

*Id.* at 723-24, 373 S.E.2d at 305 (internal citation and quotation omitted) (emphasis supplied).

The statute of frauds is an affirmative defense that "can only be raised by answer or reply" and cannot sustain any legal basis to grant defendant's Rule 12(b)(6) motion to dismiss. *Id.*; N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005). Defendant failed to raise the statute of frauds by answer or reply. This defense was not properly before the trial court upon defendant's Rule 12(b)(6) motion to dismiss. *Id.* The trial court erred by considering defendant's statute of frauds defense in ruling, in part, on defendant's Rule 12(b)(6) motion to dismiss. I vote to reverse the trial court's order granting defendant's motion to dismiss on this basis alone.

## B.  Contract Formation

Alternatively, the majority's opinion holds plaintiff's complaint discloses a dispositive fact that will defeat his claim for breach of contract. The majority's opinion states Sandy's failure to execute the agreement is dispositive in determining whether a contract existed between plaintiff and defendant. I disagree.

In reaching their conclusion, the majority's opinion relies on section thirteen of the agreement which states, "This Agreement shall become an enforceable contract when a fully executed copy has been communicated to *both* parties." Here, the agreement was executed by plaintiff as "Buyer" and defendant as "Seller". Both parties, the buyer and seller, executed the agreement. Sandy's failure to execute the agreement is not dispositive in determining whether a contract existed between plaintiff and defendant.

As noted above, a contract for the sale of real property must satisfy the statute of frauds. N.C. Gen. Stat. § 22-2. The statute states:

All contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them, and all leases and contracts for leasing land for the purpose of digging for gold or other minerals, or for mining generally, of whatever duration; and all other leases and contracts for leasing lands exceeding in duration three years from the making thereof, shall be void unless said contract, or some memorandum or note thereof, be put in writing

> and *signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized.*

(Emphasis supplied).

Long standing precedents hold that only "the party to be charged" is required to sign the agreement in order for the contract to be enforceable against him. *Id.* Our Supreme Court has stated:

> In various decisions construing the statute, it is held that *the party to be charged is the one against whom relief is sought;* and if the contract is sufficient to bind him, he can be proceeded against though the other could not be held, because as to him the statute is not sufficiently complied with. As expressed in *Mizell, Jr., v. Burnett,* 49 N.C. 249: Under the statute of frauds, a contract in writing to sell land, signed by the vendor, is good against him, although the correlative obligation to pay the price is not in writing and cannot be enforced against the purchaser.

*Lewis v. Murray,* 177 N.C. 17, 20, 97 S.E. 750, 751 (1919).

An agent of the party "to be charged" may also sign the contract for the sale of land, and the contract will be enforceable against the principal whether present or not. *Blacknall v. Parish,* 59 N.C. 70, 72-73 (1860); *see also* N.C. Gen. Stat. § 22-2 ("or by some other person by him thereto lawfully authorized"). Parol evidence may be used to prove the agent's authority to sign. *Wellman v. Horn,* 157 N.C. 170, 172-73, 72 S.E. 1010, 1011 (1911); *see also Lewis v. Allred,* 249 N.C. 486, 489, 106 S.E.2d 689, 692 (1959) ("[A]uthority of an agent to sell the lands of another may be shown aliunde or by parol.").

Here, Sandy's failure to execute the agreement does not render the agreement *per se* unenforceable and cannot sustain the trial court's grant of defendant's motion to dismiss. Sandy is not a party to this action. "Sandy's" status and the nature of his or her interest, if any, is not disclosed in the complaint, in the agreement, or in the record on appeal.

Defendant is the "Seller" in this transaction and his signature, as "Seller," appears at the end of the agreement. Only "the party to be charged" is required to sign the agreement for it to be enforceable. N.C. Gen. Stat. § 22-2. "[T]he party to be charged is the one against whom relief is sought." *Lewis,* 177 N.C. at 20, 97 S.E. at 751. Defendant does not dispute he signed the agreement as "Seller" in this transaction. Defendant is "the party to be charged." *Id.* Plain-

tiff is seeking relief only from the named defendant. N.C. Gen. Stat. § 22-2; *Lewis*, 177 N.C. at 20, 97 S.E. at 751. The fact that Sandy did not execute or sign the agreement does not render the agreement *per se* unenforceable against defendant.

Also, no evidence in the record reveals Sandy's identity, status, or interest in the property. Defendant may have signed the agreement as an agent for Sandy. If so, this fact may be proven by parol evidence. *Wellman*, 157 N.C. at 172-73, 72 S.E. at 1011. There was no requirement that plaintiff must also allege the contract was executed by Sandy through an agent. *See Reichler v. Tillman*, 21 N.C. App. 38, 41, 203 S.E.2d 68, 71 (1974) ("There was no necessity that plaintiffs allege that the contract was executed by the feme defendant through an agent.").

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon*, 85 N.C. App. at 340, 354 S.E.2d at 758. Plaintiff should be provided the opportunity to prove defendant also signed as agent for Sandy.

Even if defendant was not Sandy's agent, plaintiff may enforce the contract against defendant to the extent of defendant's interest in the property. *See* James A. Webster, Jr., *Webster's Real Estate Law in North Carolina* § 7-6, at 195 (Patrick K. Hetrick & James B. McLaughlin, Jr. eds., 5th ed. 1999) ("Each tenant in common may convey, lease, or mortgage his interest in the common property[.]").

Defendant seeks to excuse his own non-performance and breach by purporting to assert the third party rights, if any, of "Sandy", who is not identified nor joined as a party in plaintiff's complaint. *See Holmes v. Godwin*, 69 N.C. 467, 470 (1873) ("In general, *jus tertii* [the rights of a third party] cannot be set up as a defense by the defendant, unless he can in some way connect himself with the third party.").

The majority's opinion erroneously holds Sandy's failure to execute the agreement, when Sandy is not a party to this action, is dispositive in dismissing plaintiff's complaint against defendant. The trial court's order granting defendant's 12(b)(6) motion to dismiss should be reversed.

## V. Conclusion

Plaintiff properly alleged a claim for breach of contract by defendant in the complaint. Defendant's statute of frauds defense and

CITIZENS ADDRESSING REASSIGNMENT & EDUC., INC. v. WAKE CTY. BD. OF EDUC.

[182 N.C. App. 241 (2007)]

no other affirmative or statutory defenses were properly before the trial court upon his Rule 12(b)(6) motion to dismiss. *Brooks Distributing Co.*, 91 N.C. App. at 723-24, 373 S.E.2d at 305.

Alternatively, I disagree with the majority's conclusion that Sandy's purported failure to execute the agreement is dispositive in dismissing plaintiff's allegations that a contract exists and that defendant breached by failing to perform. Only defendant as "the party to be charged" was required to execute or sign the agreement under the statute of frauds. N.C. Gen. Stat. § 22-2; *Lewis*, 177 N.C. at 20, 97 S.E. at 751. No evidence in the record reveals Sandy's identity or interest in the property. Plaintiff alleged defendant signed the agreement as seller. Plaintiff is entitled to performance or damages to the extent of defendant's interest in the property.

The trial court erred by granting defendant's Rule 12(b)(6) motion to dismiss. I vote to reverse and respectfully dissent.