Wining Taylors, LLC v. CE Precision, Inc., 2018 NCBC 96.

STATE OF NORTH CAROLINA

WAKE COUNTY

WINING TAYLORS, LLC,

        Plaintiff,

v.

CE PRECISION, INC. and YUAN WANG,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
17 CVS 7150

**ORDER AND OPINION ON MOTION TO COMPEL SETTLEMENT**

1.    In this action, Plaintiff Wining Taylors, LLC asserts contract and intellectual-property claims against Defendant Yuan Wang and his company, CE Precision, Inc. Wining Taylors now seeks to enforce an alleged settlement agreement. Wang opposes, arguing that no agreement was ever reached. For the reasons given below, the Court **DENIES** the motion.

*Blanco Tackabery & Matamoros, P.A., by Peter J. Juran, for Plaintiff Wining Taylors, LLC.*

*Yuan Wang, for himself.*

*No counsel appeared for Defendant CE Precision, Inc.*

Conrad, Judge.

I.
BACKGROUND

2.    Wining Taylors alleges that it holds patent and trademark rights (both foreign and domestic) relating to the Durand, a device for extracting stops or corks from wine bottles. (Compl. ¶ 4, ECF No. 1.) CE Precision is one of Wining Taylors's suppliers of parts for the Durand. (*See* Compl. ¶ 6.) The gist of Wining Taylors's

complaint is that Wang and CE Precision failed to produce quality parts, refused to return patented property and proprietary specifications, and enabled others to make counterfeit versions of the Durand. (*See* Compl. ¶¶ 18–19, 24–25, 28.) In their answer, Defendants deny any wrongdoing. (*See generally* Answer, ECF No. 7.)

3.     The litigation has not gone smoothly. Within three months of filing the answer, Defendants' counsel moved to withdraw, citing his clients' failure to comply with their discovery obligations. (*See* ECF No. 15.) The Court deferred a ruling pending resolution of a discovery dispute over the production of Wang's laptop—a dispute that lived on nearly two more months. (*See* ECF No. 19.) Upon granting the motion to withdraw, the Court entered a reasonable stay to allow Defendants to obtain new counsel, which they have been unable to do. (*See* ECF No. 23.) The Court also warned Defendants that CE Precision, as a corporation, must be represented by counsel and could not represent itself. (*See* ECF Nos. 19, 23.) Wang now represents himself; CE Precision remains unrepresented. Discovery closed on April 30, 2018.

4.     This dispute arises out of the parties' mediation (held June 15, 2018) and its aftermath. It appears to be undisputed that Wining Taylors prepared a draft settlement agreement and presented it to Defendants during the mediation. (*See* Pl.'s Mot. to Compel Settlement 1, ECF No. 27 ["Mot."].) Negotiations led to some agreed revisions, but the mediation ended in an impasse when the parties could not reach agreement on a payment amount. (*See* Mot. 1.)

5.     Immediately following conclusion of the mediation session, the parties continued to discuss settlement by e-mail.  The content (though not the effect) of those e-mails is undisputed.

6.     On June 15, shortly after the mediation concluded, Wining Taylors's counsel e-mailed Wang, stating "I understand that you asked [the mediator] to propose $10,000 . . ., with all of the other terms of the previous settlement in place."  (Mot. Ex. B at 3.)  Wining Taylors agreed to accept that amount but stated that its "offer [was] only valid" if Wang signed and returned the settlement agreement by close of business on June 18.  (Mot. Ex. B at 3.)

7.     When Wang responded on June 18, he said he had arrived at the $10,000 figure "without too much thinking" and could pay no more than $7,000.  (Mot. Ex. B at 3.)  This response prompted a flurry of e-mails that morning.  After clarifying that Wang's ceiling was $7,000, counsel for Wining Taylors stated that Wang's "proposal [was] acceptable, if [he would] comply with the terms set forth in this e-mail."  (Mot. Ex. C at 1.)  Specifically, "[f]or this agreement to be finalized," Wang was required to (a) sign for himself and CE Precision; (b) return a scanned copy by 5:00 PM on June 18; and (c) place an original signed copy in the mail to Wining Taylors's counsel.  (Mot. Ex. C at 1.)  In closing, the e-mail stated that "[n]o other changes whatsoever are acceptable.  If you ask for any additional changes, this will be treated as a rejection of this offer, and the offer will be rescinded and of no effect."  (Mot. Ex. C at 1 (underlining in original).)  Wang replied that he would "print out and review."  (Mot. Ex. C at 1.)

8.      Several hours later, at 5:01 PM on June 18, Wang again replied: "Will get the document signed." (Mot. Ex. D.)  But he never did.

9.      Instead, on June 20, Wang sent a lengthy e-mail objecting to Section 3.3 of the draft settlement agreement. (*See* Mot. Ex. E.)  Within the draft agreement, Wang and CE Precision deny that they have participated in any infringement of Wining Taylors's intellectual property.  Section 3.3 would have permitted Wining Taylors to sue Wang and CE Precision in the event it discovers the denial is false. (*See* Mot. Ex. A § 3.3.)  In his e-mail, Wang described the provision as unfair and requested that all claims "be permanently barred." (Mot. Ex. E.)

10.     Wining Taylors now moves to compel settlement.  In its view, the settlement agreement was offered and accepted upon Wang's statement that he "[w]ill get the document signed." (Pl.'s Br. in Supp. 2–3, ECF No. 28.)  Wang's June 20 effort to renege, it contends, was ineffective.

11.     Wang filed an opposition brief, purportedly on behalf of himself and CE Precision.  He contends that the parties never reached a meeting of the minds. (*See* Defs.' Br. in Opp'n 3, 6, ECF No. 30.)  Wining Taylors then moved to strike the brief because CE Precision was not represented by counsel and for other violations of the Business Court Rules; neither Wang nor CE Precision responded to the motion to strike. (ECF Nos. 31, 32.)

12.     The Court held a hearing on August 27, 2018, at which counsel appeared for Wining Taylors, Wang represented himself, and no counsel appeared for CE

Precision. The motion to compel settlement and the motion to strike are ripe for determination.

## II.
## ANALYSIS

13. The Court first addresses Wining Taylors's motion to strike Defendants' opposition brief before turning to the merits of the motion to compel settlement.

### A. Motion to Strike

14. Wining Taylors correctly observes that CE Precision, as a corporation, cannot represent itself in this litigation. Nor can it be represented by Wang, who is not an attorney. Rather, CE Precision "must be represented by a duly admitted and licensed attorney-at-law." *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002). Accordingly, to the extent Wang purported to file his brief in opposition on behalf of CE Precision, the Court grants Wining Taylors's motion to strike.

15. The Court declines to strike the brief, though, to the extent Wang filed it on his own behalf. The rule violations identified by Wining Taylors (all having to do with the certificates of compliance and service) are relatively minor and do not warrant the severe penalty of striking Wang's brief. That said, the Court expects Wang, even though self-represented, to be familiar with its rules (including the General Rules of Practice and Procedure for the North Carolina Business Court*) and

---

\* These rules are available on the Court's website at https://www.nccourts.gov/courts/business-court/local-rules-and-procedures-for-business-court.

to obey them. Repeated violations, even if minor, may invite more significant penalties in the future.

## B. Motion to Compel Settlement

16. Because Wining Taylors seeks to enforce its alleged settlement agreement with Defendants in this action (rather than by filing a new action), its motion is treated as one for summary judgment. *See Hardin v. KCS Int'l, Inc.*, 199 N.C. App. 687, 694–95, 682 S.E.2d 726, 732–33 (2009); *Preiss v. Wine & Design Franchise, LLC*, 2018 NCBC LEXIS 87, at \*10–11 (N.C. Super. Ct. Aug. 20, 2018). Summary judgment is appropriate "when 'there is no genuine issue as to any material fact' and 'any party is entitled to judgment as a matter of law.'" *Leiber v. Arboretum Joint Venture, LLC*, 208 N.C. App. 336, 344, 702 S.E.2d 805, 810 (2010) (quoting N.C. R. Civ. P. 56(c)). The Court views the evidence in the light most favorable to Wang, the nonmoving party. *See Furr v. K-Mart Corp.*, 142 N.C. App. 325, 327, 543 S.E.2d 166, 168 (2001).

17. "A settlement agreement is a contract governed by the rules of contract interpretation and enforcement." *Williams v. Habul*, 219 N.C. App. 281, 289, 724 S.E.2d 104, 110 (2012). For a valid contract to exist, "[i]t is essential . . . that there be 'mutual assent of both parties to the terms of the agreement so as to establish a meeting of the minds.'" *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 911–12 (1998) (quoting *Snyder v. Freeman*, 300 N.C. 204, 218, 266 S.E.2d 593, 602 (1980)).

18. In its brief, Wining Taylors argues that a binding settlement agreement was reached during the parties' e-mail exchange on June 18. According to Wining Taylors,

it made a final offer to reduce the payment term to $7,000, the parties had previously agreed to all other terms of the draft written agreement, and Defendants accepted the offer when Wang stated that he would "get the document signed." (Pl.'s Br. in Supp. 2–3.)

19. Taking the evidence in a light most favorable to Wang, the Court cannot conclude as a matter of law that the parties formed a contract. "If negotiating parties impose a condition precedent on the effectiveness of their agreement, no contract is formed until the condition is met." *Parker v. Glosson*, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007) (internal citation omitted). Here, Wining Taylors expressly made its offer subject to several conditions, including that Wang sign the agreement, place it in the mail, and provide a scanned copy by 5:00 PM that same day. (Mot. Exs. B, C, D, and E.) The e-mail also stated that, if Wang asked "for any additional changes, this will be treated as a rejection of this offer, and the offer will be rescinded and of no effect." (Mot. Ex. C at 1.) Wang failed to satisfy any of the stated conditions, and two days later, he demanded the removal of Section 3.3 of the settlement agreement. (*See* Mot. Ex. E.) These facts suggest that no final settlement was reached and that Wining Taylors's offer was effectively rejected and rescinded.

20. Although Wining Taylors stresses Wang's statement that he would "get the document signed," that statement is insufficient to carry Wining Taylors's burden on summary judgment. The other evidence suggests that the parties did not intend to be bound "until the [a]greement was signed by all parties." *Parker*, 182 N.C. App. at 233, 641 S.E.2d at 738. If so, Wang's *promise* to sign, which went unfulfilled, fell

short of creating a binding agreement. *See id.*; *see also Preiss*, 2018 NCBC LEXIS 87, at *14–15 (denying motion to enforce settlement agreement).

21. At the hearing, Wining Taylors offered a new theory not presented in its brief: that *Wang* made an offer when he proposed a $7,000 payment term, which Wining Taylors then accepted. (Mot. Ex. C at 1.) But this theory runs into the same problem. If the language of an acceptance is conditional or seeks to alter the terms of an offer, the acceptance becomes a counteroffer and amounts to a rejection of the original offer. *See Normile v. Miller*, 313 N.C. 98, 103, 326 S.E.2d 11, 15 (1985). Wining Taylors's response to Wang's proposal of $7,000 imposed all the conditions discussed above, thereby varying the terms contained in Wang's offer and amounting to a rejection and counteroffer. *See Preiss,* 2018 NCBC LEXIS 87, at *14; *Ray Lackey Enters, Inc. v. Vill. Inn Lakeside, Inc.*, 2016 NCBC LEXIS 9, at *14 (N.C. Super Ct. Jan. 19, 2016) (citing *Normile*, 313 N.C. at 103, 326 S.E.2d at 15).

22. In short, the record does not establish, as a matter of law, that the parties reached a binding agreement. Whether Wining Taylors's e-mail is treated as a conditional offer or a conditional acceptance, the bottom line is that Wang did not satisfy the conditions. And Wang's refusal to sign the draft agreement tends to show a lack of mutual assent as to its final terms. *See Chappell v. Roth*, 353 N.C. 690, 692, 548 S.E.2d 499, 500 (2001) ("If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement." (internal quotation marks and citations omitted)).

## III.
## CONCLUSION

23.    For these reasons, the Court **DENIES** Wining Taylors's motion to compel settlement.

24.    In an earlier order, the Court stayed the deadline for filing dispositive motions, pending resolution of the settlement dispute.  The Court dissolves the stay, and the parties shall have thirty days from the date of this Opinion to file any post-discovery dispositive motions.

This the 17th day of September, 2018.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases